### STEPHEN G. LOVEJOY *versus* CHARLES HUTCHINS.

The return by an officer of an attachment of personal property, *as made by him* " *at the risk of the plaintiff*," does not affect the rights of the creditor, or relieve the officer making the attachment from any portion of his re- sponsibility.

When an officer has attached personal property on a writ, the conveyance of it, without his assent, out of the limits of his precinct, does not pre- vent his pursuing it any where, and vindicating his special property in it ; and does not excuse him from his liability to the creditor, to keep the property to be taken on the execution.

In a suit by a creditor against an officer for neglecting to keep personal pro- perty attached on mense process, so that it might be taken on execution, such officer is not entitled to have a reduction made from the full value of the property, in mitigation of damages, for the expenses *which might have attended the keeping*, had it been kept safely.

THIS was an action on the case against the defendant, as late sheriff of the county of Hancock, for the alleged default of Sewall Lake, in not keeping logs attached by him, on a writ in favor of the plaintiff against Greene & Welch, to be taken on the execution issued on the judgment. A copy of the officer's return follows.

"Hancock, ss. April 29, 1837. By virtue of this writ, at the risk of the plaintiff, I have attached all the right, title and interest that the defendants had in a lot of pine and spruce logs, lying in Brewer pond, marked thus, M, (the same having been attached by me on three former writs,) and at the same time I gave to each of the defendants a summons for their appearance at Court. Sewall Lake, Dep. Sheriff."

Judgment was rendered Nov. 27, 1838, and the property was demanded Dec. 14, 1838, and not delivered.

The defendant contended that the return of the officer did not hold him responsible for any thing further than the debtor's interest in the logs. The District Judge ruled that his return held the officer to account for the value of the logs themselves, when they were demanded on the execution, if they belonged to the judgment debtors, and submitted that question to the jury. The defendant then offered to prove, that at the time of said return and attachment, the logs were in a body, with a boom around them in Brewer Great pond on their way from the county of Hancock and near the line of the county of Penobscot, and that the current of the water and power of the wind were so great, that the said Lake, with any force he could command, could not stop the logs in the county of Hancock, and that the parties in possession of them, were able, and did successfully resist his taking or holding possession of the logs until after they had arrived in the county of Penobscot, which was within two or three hours; which testimony was excluded by ALLEN, District Judge, who presided at the trial.

It appeared, that Lake returned these logs on two other writs, at the risk of the plaintiffs, the debtors interrupting him.

The defendant contended that he was liable, if at all, only for the value of the logs, after deducting what would have been the necessary expenses for taking and keeping said property from waste, deterioration and loss. The Judge ruled, that he was liable for the value of the logs at the time they were demanded, to be taken in execution, without any deduction for any such non-existent expenses. The defendant further con-

tended, that by said return 'the logs were at the risk of the plaintiff. But the Judge ruled, that they were at the risk of the defendant and that he was responsible for them when demanded on the execution, if they were the logs of the judgment debtors, which fact was submitted to the jury. The verdict was for the plaintiff, and the defendant filed exceptions.

It was agreed, that the case should be argued in writing, but no argument on the part of the defendant was furnished.

*A. G. Jewett,* for the defendant.

*J. Appleton,* for the plaintiff, said that the officer was estopped by his return from showing, that no goods were attached. 15 Mass. R. 83 ; 10 Mass. R. 313 ; 4 Mass. R. 478; 1 Fairf. 263 ; 4 Verm. R. 506.

The evidence that the logs were carried into the county of Penobscot, was properly excluded. Having attached the goods, the officer is responsible for their safe keeping. Com. Dig. Retorn, D. 6. The attachment would not be dissolved by the carrying of the property out of the county. 1 Pick. 233 ; 3 Fairf. 328 ; 6 Verm. R. 586.

The instructions that the risk as to the ownership of the property was on the plaintiff, and as to the safe keeping on the officer making the attachment, was correct.

The opinion of the Court was drawn up by

WHITMAN C. J. — It does not appear to be controverted, that the property attached by Lake, the defendant's deputy, was the debtor's as whose he attached it. And there does not seem to be any question as to the rendition of judgment in the case, in which the attachment was made; nor of the due issuing of the execution thereon ; nor of the seasonableness of the demand upon Lake and the defendant, by virtue thereof, of the property attached to be levied upon.

The counsel for the defendant, at the trial, would seem to have placed his defence upon two grounds ; first, that Lake returned the attachment as made at the risk of the plaintiff. This objection cannot be regarded as well taken. Such a re-

turn could not affect the rights of the creditor, or, relieve the officer making the attachment from any portion of his responsibility. He was bound to attach the property, and to keep it safely.

The second objection is, that Lake was unable to keep and retain the property attached within his precinct. It was offered to be proved by the defendant, that, by reason of the current in the water, in which the property attached, viz., mill-logs, lay, and the resistance of the owners of it, he was unable to keep it within his precinct. The Judge at the trial did right in rejecting such evidence. No such occurrence could excuse *him from* liability. He had his remedy against any one who might wrest it from his possession. The conveyance of it out of his precinct did not absolve him from liability. He could have pursued it, and have reclaimed it, anywhere. By the attachment he acquired a special property in it, the right to which he might have vindicated.

A third exception was taken to the ruling of the Judge in reference to the amount of damages to be recovered. The defendant contended, that all the expenses, which might have attended the keeping of the logs, ought to be deducted from their value, although none in fact had been incurred. This the Judge very properly overruled. Lake having remedy against those, who took the logs from him, might have recovered their full value; or, if taken by the debtors, and if the logs were more than sufficient to have discharged the execution, at least, to the extent of his liability thereon.

The exceptions therefore must be overruled, and judgment be entered on the verdict.