### John G. Smith v. David S. Church.

*Duty of attaching officer.*

An officer who attaches hay and grain by leaving a copy of the writ of attachment, &c., in the town clerk's office, must use ordinary care and diligence in the preservation of the property; and if for want thereof, it is used by the debtor, the officer will be liable to the creditor therefor.

TRESPASS ON THE CASE for neglect of duty by the defendant in not preserving property attached — Plea, the general issue; trial by the court, June Term, 1854, — PECK, J., presiding.

In August, 1850, the plaintiff sent to the defendant, who was the sheriff of the county of Addison, a writ in his favor against George Chipman of Ripton, in said county of Addison, accompanied with a letter in which, after describing the writ, he writes, " which you will serve by attaching property sufficient to secure " the amount of the claim, and return at your earliest convenience." The defendant served the writ by attaching, by leaving a copy at the town clerk's office, all the hay, and all the wheat, rye and oats in the straw on the farm occupied by said Chipman in Ripton. The writ was duly returned, a judgment obtained upon it, and an execution seasonably issued and delivered to the defendant, with directions to levy upon the property attached. The property attached was of greater value than the amount of the judgment subsequently obtained; but, between the time of the attachment and the delivery of the execution to the defendant, Chipman had fed out and used it up, and the defendant returned the execution wholly unsatisfied. During this time the defendant resided within nine miles of the said Chipman's residence, where said property was used. Previous to the commencement of this suit the defendant told the plaintiff that he, the plaintiff, might bring a suit against Chipman for the property attached, in the defendant's name or in his own, but the defendant had never commenced any such action ; and it did not appear that he ever took any receipt for the property from Chipman, or that he authorized him to use or appropriate it to his own use.

The defendant insisted that having attached the property in the manner authorized by the statute, by leaving a copy in the town clerk's office, and never having taken any other custody or possession of the property, and having received no instructions from the plaintiff in relation to the attachment, custody or removal of the property, other than as above stated, he had no power after such attachment to remove or take possession of the property and had no duty to perform in relation to the custody, possession or preservation of the property ; that his duty ended with the attachment, and that he was not responsible for the acts of the debtor Chipman

in appropriating the property to his own use; and that, upon the evidence in the case, the defendant had been guilty of no negligence, in relation to the property attached, even if his duty did not end with the attachment.

The court decided as matter of law that under such attachment it was the duty of the defendant to use ordinary care and diligence in the preservation of the property while it was under such attachment; and found, from the facts above detailed, that Chipman, the debtor, had used and appropriated the property as above stated, by reason of the want of such ordinary care and diligence on the part of the defendant, and rendered judgment for the plaintiff to recover of the defendant, the amount of the execution against Chipman and interest.  To all which the defendant excepted.

*B. H. Smalley*, for the defendant.

*A. O. Aldis*, for the plaintiff.

The opinion of the court was delivered by

BENNETT, J.   We think the defendant has no reason to complain of the charge of the court.   Chipman, the debtor, had used up the property attached, and the rule of law as held by the county court only required ordinary care and diligence in the preservation of the property attached, and made the sheriff only liable, if for the want of such care, the property had been used up by the debtor. The property had been legally attached, though the sheriff had not taken the actual possession of it; that was not necessary in a case like this.   This mode of service being authorized by the statute, the sheriff acquired a special property in it, and had the power to protect his rights; and it has been frequently held, that he could maintain an action against a tort-feasor.   Chipman must be regarded in the light of a tort-feasor, as against the sheriff; but it may be questioned whether the creditor had any such interest in the property, as to enable him to maintain an action against Chipman for using up the property.   The mode of service was optional with the sheriff, and he had no instructions from the creditor, as to what particular property should be attached, or the mode of service. We will only decide such a case as we have before us; and the

least which should be required of the sheriff should be the use of ordinary care and diligence in the preservation of the property, that when judgment is obtained it may be taken to satisfy the execution.

Judgment affirmed.