HON. PIERPOINT ISHAM, ⎱
HON. MILO L. BENNETT, ⎰ ASSISTANT JUDGES.

---

ROBERT McKORMSBY *v.* LEWIS R. MORRIS.

*Liability of officer for personal property attached by leaving copy
in town clerk's office. Validity of receipt for property attached
given by the nominal plaintiff, when the suit is for another's
benefit.*

The liability of an attaching officer to have the property attached forthcoming, that
it may be taken in execution, is the same where hay, grain, &c., is attached by
leaving a copy of the writ, &c., in the town clerk's office, as it would be had the
officer taken the property into his actual possession.

28

If he do not produce the property when demanded upon the execution, he will be liable for it, unless he show that his inability to produce it has happened without any fault on his part.

A receipt for property attached given to the officer by the nominal plaintiff and another will not discharge or release the officer from his liability to have the property forthcoming when demanded on the execution, if the suit was commenced and prosecuted for the benefit of another party.

ACTION ON THE CASE against the defendant as constable of the town of Bradford, for not keeping and delivering certain property attached by him on a writ in favor of the plaintiff against one Lewis Gilman. Plea, the general issue; trial by jury, June Term, 1856,— POLAND, J., presiding.

The plaintiff introduced in evidence the files and a copy of the record of the judgment in the suit *McKOrmsby* v. *Gilman*, from which it appeared that on the original writ the defendant, as constable, attached, as the property of said Gilman, twenty tons of hay and a yoke of oxen. It was conceded that the defendant was, at the time of the service of the writ upon Gilman, constable of the town of Bradford, and that the hay attached was worth eight or ten dollars per ton, and the oxen from eighty to one hundred dollars. It appeared that the defendant never took any actual possession of the property, but left a copy of his attachment in the town clerk's office, and that the plaintiff named in the writ and one John H. Sawyer gave the defendant a receipt for the property so attached. The evidence tended to prove that subsequently to this attachment said hay was attached and sold by another officer upon another process against Gilman, and that the oxen were subsequently taken and sold by the defendant upon another process against Gilman. Final judgment, it appeared, was recovered in the suit *McKOrmsby* v. *Gilman*, at the March Term of the supreme court, 1852, and within thirty days thereafter execution was taken out by the attorney of the plaintiff in that action, and delivered to C. C. P. Baldwin, a legal deputy sheriff, for collection; and said attorney called on the defendant for said receipt, which the defendant gave him, and it was handed by him to Baldwin, with directions to demand the property of the receiptors and of the defendant, which the testimony tended to show he did do.

The defendant gave evidence tending to prove that no demand

was made upon him until more than thirty days after the rendition of said judgment; and he insisted and requested the court to charge the jury that the receipting of the property by the plaintiff McKOrmsby and Sawyer was a discharge of the defendant from any further liability for the custody and safe keeping of the same, and from any liability in this action.

The plaintiff of record appeared as counsel for the defendant on this suit, but there was no other evidence that he was not the real owner of the demand, except what might be inferred from that fact and from the various papers introduced, among which was the defendant's plea in the suit *McKOrmsby* v. *Gilman*, in which Gilman, by R. McKOrmsby, his attorney, plead that said suit was brought by one Alvin Taylor, and that said Taylor was the plaintiff in interest therein, &c.

The court declined to charge the jury as requested, but did charge them that if they found that Baldwin, within thirty days after the rendition of the final judgment against Gilman, demanded the property of the defendant, and the defendant refused or neglected to deliver the same to him, that the defendant was liable, and their verdict should be for the plaintiff.

To said charge and refusal to charge as requested, the jury having returned a verdict for the plaintiff, the defendant excepted.

*McKOrmsby & Farnham*, for the defendant.

The charge of the court in this case overrules the law as settled in the case of *Bridges* v. *Perry*, 14 Vt. 262, and the law as expounded, at least, by the *nisi prius* judge, in the case of *Smith* v. *Church*, 27 Vt. 168.    Ordinary care is all that is required of an officer in taking care of property attached on *mesne* process; and that degree of care, with proper instructions, is a question to be left to the jury.

The property attached was receipted by the plaintiff, jointly with one Sawyer.    There is nothing in the case from which we might even *conjecture* that the defendant, *at the time of the service of the process*, knew that the plaintiff was not owner of the demand.    The oxen were released, and attached by the defendant on another debt.    They should not have been attached at all, as the hay was double security; and · in securing that, the officer was

doubly diligent, as he put the attachment on record *and* took a receipt of the *plaintiff* also. No jury in such case, unless something more was shown, would say that the defendant failed in ordinary care if the question had been left to them.

*C. B. Leslie,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J. I. By the decision of this court in *Bridges* v. *Perry*, 14 Vt. 262, an officer who attaches property on mesne process is, *prima facie,* liable if he do not produce it on demand, so that it may be levied upon in satisfaction of the execution when obtained. The rule is the same in regard to property attached by leaving a copy in the town clerk's office. This mode of attachment is intended for the ease of the sheriff, and to enable him to secure the control of the property without the necessity of removing it. It does not excuse him from the exercise of ordinary care in the keeping it from destruction, so that it can be levied upon ; *Smith* v. *Church*, 27 Vt. 163. If the property is not forthcoming, he is bound to show that it is out of his power to restore it, and that this has happened without any fault on his part.

II. The mere fact that the plaintiff, in connection with another, executed a receipt to the officer will not of course release the action. It was evidently not intended to have any such effect. If so it would have been so expressed. And certainly if that had been understood to be the effect of it, no other one would have been required to join in the receipt. But the fact that the plaintiff is now attempting to defend this suit shows conclusively that the suit is not now under his control, or he would release it at once. And if he is now not the party in interest for the plaintiff, it is reasonable, perhaps, to presume such may have been his relation to the suit from its beginning. And especially should the plaintiff be estopped from this defense by the plea that the suit is in his name for the benefit of another, filed in the former suit, and the record of which is made part of this case. We think the testimony on this point had no tendency to show that the plaintiff was attempting to recover a judgment against the defendant for a

sum for which he was himself liable to the defendant, and this recovery to enure for his own benefit. The court were therefore not required to submit the question to the jury.

Judgment affirmed.