### ROSWELL B. FAY v. WILLIAM D. MUNSON.

#### Attachment. Sheriff.

The liability of an attaching officer to have the property forthcoming, that it may be taken on execution, is the same where hay, grain, &c., is attached by leaving a copy of the writ, &c., in the town clerk's office, as it would be, had the officer taken the property into his actual possession.

Where an officer attached bales of hay, lying near a railroad depot, by leaving a copy of the writ, &c., in the town clerk's office, and did not take personal possession of the hay, or put any one in charge of it, and it was not forthcoming to be applied on an execution, it was *held*, that he did not exercise due care and diligence in the custody and preservation of the hay.

ACTION on the case against the defendant, for the neglect of his duty, as sheriff, in preserving and taking care of property which he had attached, so that it was not forthcoming at the proper time of levying the execution.

The case was submitted to a referee, who reported the facts as follows:

" On the 7th day of February, 1865, the plaintiff brought his suit by writ of attachment in common form, of that date, returnable to Chittenden county court at the April term, 1865, against Richmond Preston and Elijah D. Wilcox, declaring for damages one thousand dollars in an action of assumpsit; which writ was then committed to the defendant, who was then and ever since has been sheriff of the county of Chittenden, for service, which writ on the 14th day of February, 1865, was served by the defendant, as such sheriff, as stated in his return of that date indorsed upon said writ, ' by attaching as the property of the defendant one hundred tons of hay at or near Williston depot, on the Vermont Central railroad, and on the

same day left a true and attested copy of said writ, with a list of the property so attached and his return indorsed thereon, in the town clerk's office of said town of Williston,' &c. Said suit was duly entered in court, and at September term thereof, 1865, judgment was therein rendered for the plaintiff against said Preston and Wilcox.

" Execution in common form duly issued upon said judgment, dated October 7th, 1865, and on the 10th day of said October, being within thirty days of the rendition of said judgment, was committed to the defendant as such sheriff for service, who thereafter, on the 1st day of December, 1865, returned said execution into the office of the clerk of said court, with his return of that date indorsed thereon, that upon diligent search throughout his precinct, he could find no goods, chattels or estate of the said Preston and Wilcox whereon to levy said execution. The defendant placed his defence upon three grounds, and introduced evidence tending to prove the same, which was in reply contradicted by the testimony introduced by the plaintiff.

" The third ground was that the defendant exercised due care in the custody and preservation of said hay, to have the same forthcoming to answer upon said execution, and was guilty of no fault in respect thereto, for which he is answerable in this action.

" Upon request of the defendant's counsel, that I should report the special facts found by me bearing upon this third claim of the defendant, I report as found by me as follows : At the date of said attachment said hay had been attached by this defendant as sheriff upon a writ of attachment of earlier date and service in favor of said Keach against said Preston.

" The service in that case was by leaving a copy in the town clerk's office in Williston, the same in form and substance as in the case of *Fay* v. *Preston and Wilcox ;* but in the return upon the writ in the case last mentioned, no reference was made to any previous attachment. In neither case did the defendant remove the property attached, nor did it appear that he took any personal possession of it at the time of the attachment, nor that he ever put the property in charge of any person, or requested any one to take or keep possession or charge of it. The suit of *Keach* vs. *Preston* was duly entered in Chittenden county court at April term, 1865, to which the writ was made returnable, and said Fay was admitted by the court to appear and defend as a subsequent attaching creditor. At the next September term of said court, said Keach became non-suit in the cause. While the hay thus stood holden upon both attachments, and before its removal by Keach, Keach requested the plaintiff (Fay) to consent to the transportation of the hay to market, upon Keach's assurance that he would account to Fay for the proceeds, after satisfying his own claim against Preston. Fay declined to assent to this, but proposed to Keach to have the attaching officer sell the hay according to the statute, and keep the proceeds to await the issue of

the suits; but Fay did not make any such request of the defendant, nor did Keach communicate to the defendant Fay's proposition to him. Upon one occasion, after the attachments, Keach had loaded four railroad cars with a portion of said hay with the purpose of removing it, when the plaintiff sent word to the defendant of what had been done, and the defendant thereupon caused the hay to be unloaded, and prevented its removal for the time being. The defendant also gave notice to said Keach and his counsel, John B. Wheeler, Esq., that they must not remove the hay without the consent of this plaintiff in writing. They afterwards told the defendant that they had got the consent of the plaintiff to the removal of the hay (but not in writing.) The plaintiff had before this said to the defendant, that the hay was in danger of spoiling and ought to be disposed of, but the defendant did not understand the plaintiff as willing to have the hay sent off by Keach, nor did the plaintiff consent thereto. The plaintiff was present and saw a man in the employment of Keach, removing the last 52 bales of said hay, (there being about 350 bales attached,) and did not object thereto, for the reason that he supposed the defendant had made some arrangement at his own risk with Keach authorizing such removal. The defendant acted in good faith in all the transaction, supposing that some arrangement would be made between the plaintiff and Keach as to the disposition of the hay, and never consented to the removal of the hay, and was not aware that it had been removed until some time after it had been removed, and sent to market by Keach, who soon after left this State and has not returned, and is not pecuniarily responsible. Upon the special facts above stated, and all the facts stated herein, meaning to decide according to law,—

" I find, and report as my conclusion, that the defendant was not free from fault in respect to the safe keeping of the hay attached, so as to have it forthcoming to answer upon said execution, and that by reason of his failing to exercise that degree of care in respect thereto, which a prudent man would have exercised in the custody and keeping of his own property under like circumstances as above detailed, the hay was removed from the State and could not be reached, to be levied upon by said execution.

I find the value of the hay to have been sufficient to have satisfied said execution in full. I therefore, meaning to decide according to law, find and report that the plaintiff is entitled to recover of the defendant as damages the sum of four hundred ninety-one dollars and fifty cents ($491,50,) being the amount of said execution, with interest thereon from the date of said execution, (October 7th 1865,) to be computed to the date of the judgment herein, and his costs, taxed before me at $10,92."

The defendant excepted to the finding and decision of the referee upon the third ground of defense.

The court, at the April Term, 1867, PIERPOINT, Ch. J., presiding, rendered judgment, *pro forma,* for the plaintiff upon the report,—to which the defendant excepted.

*Wales & Taft,* for the defendant.

We claim that the law in this state is this, viz : That an officer is not liable, having made the attachment according to the statute provisions, and the property having been taken away from the reach of the officer without his consent or knowledge, and while he was acting in good faith in the transaction, and no evidence of any neglect or misconduct in relation to the property.

And although the officer may be held, *prima facie,* liable if he does not produce, upon execution, the property attached, yet the facts above stated excuses him, and this is not in conflict with the law in this state. *Hubbell* v. *Root,* 2 Allen, 185 ; *Bridges* v. *Perry,* 14 Vt. 262.

The reference is " to be heard and decided according to law," and the referee proceeded in accordance with such requirement, (see report,) and finds all the facts bearing upon said claim, which he reports in full.

There being then no dispute as to the facts, it is a question for the court to say whether the officer has been guilty of 'negligence or not. *Johns* v. *Stevens et al.,* 3 Vt. 308 ; *Park* v. *Pratt et al.,* 38 Vt. 545.

*Jeremiah French,* for the plaintiff.

I.   The law required of the defendant, in the keeping of the hay attached on the writ, to have it forthcoming on the execution, that degree of care which prudent men exercise in the conduct of their own affairs.   This is the least that is required of bailees for hire in any instance, and has always been held, in this state, the measure of the responsibility of officers in cases like the present.   *Bridges* v. *Perry,* 14 Vt. 262 ; *Briggs* v. *Taylor,* 28 Vt. 180.

The fact that the attachment was made by leaving a copy in the town clerk's office, did not lessen the measure of diligence required of the defendant in the custody of the property.   He is liable to the same extent that he would have been, had he taken actual possession of the hay.   The mode of attachment of personal property by copy,

is only intended for the ease and accommodation of the officer, to enable him to secure the control of the property without the necessity of removing it, and does not excuse him from the exercise of ordinary care in keeping it so that it can be levied upon. *Smith* v. *Church*, 27 Vt. 168 ; *McKOrmsby* v. *Morris*, 29 Vt. 417 ; *Hubbell* v. *Root*, 2 Allen, 185 ; *Braley* v. *French*, 28 Vt. 546.

In this state it has always been held that, by the attachment of personality by copy, the officer acquires a special interest in the property, and is entitled to its custody and possession ; that for any injury to it, the right of action is in the officer, and not the creditor, and that, by consequence, he is responsible in the same manner as though he had taken actual possession of it. *Lowry* v. *Walker*, 5 Vt. 181 ; *Putnam* v. *Clark*, 17 Vt. 82.

II. The question whether the defendant used due care and diligence in keeping the property, was one of fact, and if the evidence before the referee had any tendency to show want of care on the part of the defendant, his finding is conclusive. *Smith* v. *Church*, 27 Vt. 168 ; *Bridges* v. *Perry*, 14 Vt. 262 ; *Briggs* v. *Taylor*, 28 Vt. 180 ; *Buck* v. *Ashley*, 37 Vt. 475 ; *Kendall* v. *Morse*, 43 N. H. 553.

III. An officer who attaches property on *mesne* process is, *prima facie*, liable if he do not produce it, so that it may be levied upon in satisfaction of the execution, although he may excuse himself by showing that it is not in his power, and that he has been guilty of no fault. *Bridges* v. *Perry*, 14 Vt. 262 ; *McKOrmsby* v. *Morris*, 29 Vt. 417.

It was his first duty to take possession, and if he chose to rely upon the constructive possession given by leaving the copy, he had a right to do so, it is true, but at his own risk, not the plaintiffs. Drake on Attachment, 290.

IV. Finally, if this question of due care, on the part of the defendant, be treated as a mixed question of law and fact, (as was intimated in *Gates* v. *Bowker*, 18 Vt. 23,) the judgment should be for the plaintiff.

The opinion of the court was delivered by

WILSON, J. The only question in this case is, whether the defendant exercised due care in the custody and preservation of the hay to

have it forthcoming to answer upon the execution.  It appears from the report of the referee that the hay was attached by the defendant, as sheriff of this county, on a writ of attachment in favor of the plaintiff against Preston and Wilcox; that the property was at the depot in Williston, and that the attachment was made by leaving a copy in the town clerk's office in that town.  The report states that the defendant did not remove the hay; nor did it appear that he took any personal possession of it at the time of the attachment, nor that he ever put the property in charge of any person, and that it did not appear that he requested any one to take or keep possession or charge of it.  The defendant by the attachment acquired a special interest in the property; he was entitled to its custody and possession, and the degree of care in this mode of attachment, is the same as if he had taken the property into his own personal possession.  The defendant was required to exercise ordinary care in keeping the property, so that it could be levied upon, and what is ordinary care must be determined in view of the nature and situation of the property.  The property was not a mow of hay situated remote from the railroad, and apparently secure, but it was in bales lying near the railroad depot, in such situation or condition that Keach or any other person could in a few hours send the whole of it out of the State.  The defendant found that Keach had wrongfully loaded up four car loads of hay, intending to send it out of the State, without the consent of the plaintiff or defendant.  The defendant unloaded the hay, but left it at the depot, where Keach, or any one under his direction, could take it away at any time.  The defendant had knowledge of the wrongful acts of Keach in respect to the hay, and those acts were sufficient to apprize the defendant that Keach would, very likely, make a further attempt to dispose of the property.  Under such circumstances, and in view of the situation of the property, we think the defendant should have agreed with some one to take charge of the hay, or have removed it, but it does not appear that he took or used any means to prevent its subsequent removal by Keach.  The facts reported by the referee afford strong evidence of negligence, and his conclusion, whether regarded as one of fact, or law and fact, we think is right.  The attachment having been made by the defendant,

31

it was incumbent on him to have the property forthcoming, so that it might be levied upon, or show that the loss was not through his fault.

The judgment of the county court is affirmed.