## BRONSON WILLEY *v.* FRANK LARAWAY.

*Tender under R. L. s. 1450. Officer's fees. Time of tender. Good faith of defendant.*

1. An officer's return upon a copy of a writ is a part of such copy, and he may charge for the same by the folio.

2. An officer may take possession of personal property which he has previously attached by copy, if necessary, and in that case may charge a reasonable sum for so doing.

3. The plaintiff is under no obligation to furnish the defendant with a statement of his costs, and that he neglects or refuses to do so is no excuse for an insufficient tender.

4. In determining whether a tender has been reasonably made under R. L. s. 1450, both the day of the tender and the first day of the term should be excluded.

5. In case of a tender for damages by a trespass, the defendant will not be relieved from further costs unless the County Court affirmatively finds that he acted in good faith. It is not enough that no fact appears in the referee's report inconsistent with that idea.

This was an appeal from a taxation of costs by the clerk. Heard at the April term, 1892, Ross, Ch. J., presiding. The defendant excepts.

The question was as to the sufficiency of the tender. The original action was trespass for the cutting of timber. The case was referred, and the referees found the fact of the trespass and that the plaintiff's damages were $25. The suit was returnable to the April term, 1890, and it appeared that the Saturday before the return day the defendant tendered the plaintiff $32. Before making the tender the defendant applied to the plaintiff's attorney for a statement of his costs, which was not furnished, and the defendant estimated the costs as best he could.

The officer furnished two copies in making his service. Each of these copies contained 452 words in the body and 390

words in the return. The court allowed the two at $1.68. The original attachment was by copy in the town clerk's office. Afterwards the officer took possession of a part of the property, for securing which he charged $1. The court found that this was a reasonable sum. As so allowed, the damages and costs exceeded the amount of the tender by 13 cents; and the court held the tender insufficient and gave judgment for full costs.

*B. A. Hunt*, for the defendant.

*P. K. Gleed*, for the plaintiff.

The County Court did not adjudge that the trespass was committed in good faith. R. L. s. 1450; *Strusguth* v. *Pollard*, 62 Vt. 157.

The opinion of the court was delivered by

MUNSON, J. As the plaintiff's costs were taxed and allowed in the court below, his damages and costs exceeded the sum tendered thereon by the defendant. The defendant insists, however, that illegal fees, to an amount greater than this excess, were included in the allowance. But we think both the items objected to by the defendant were properly taxed. The copy required of an officer in serving process is a copy of the writ and his return, and he is entitled to compensation for the folios of the entire copy. The provision allowing a reasonable sum for securing attached property is not inapplicable where the attachment is by lodging a copy in the town clerk's office. Property so attached is held to be in the custody of the officer; and he is liable for a failure to produce it, unless he can excuse himself by showing that he exercised the same degree of care regarding it that is required in the case of property taken into actual possession. *Smith* v. *Church*, 27 Vt. 168; *McKOrmsby* v. *Morris*, 29 Vt. 417; *Fay* v. *Munson*, 40 Vt. 468. In the exercise of this care, it often becomes necessary for the officer to take measures for securing the property after lodging the copy. It is evident that the necessity existed in this case, for it appears that the

officer found that certain portions of the attached property were being disposed of.

The plaintiff's failure to state the amount of the accrued cost on request cannot relieve the defendant from the consequences of this deficiency in the amount tendered. The plaintiff was under no obligation to provide a taxation or state the amount. The case did not involve any costs that were peculiarly within his knowledge. See *Smith* v. *Wilbur*, 35 Vt. 132. The fees which the defendant sought to cover are either fixed by statute, or determined by the officer under legal restrictions; and the amount can ordinarily be readily ascertained by either party. It does not appear from the report of the clerk that the defendant was prevented from obtaining information from either the officer or the writ, by any act of the plaintiff or his counsel.

But if the tender had been sufficient in amount, it would have been ineffectual because not made within the time allowed by statute. A tender may be made at any time "until three days before the commencement of the term" to which the action is returnable. R. L. 1450. This language seems plainly to indicate an intention to exclude from the period in which the tender may be made the three days next preceding the day on which the term commences. So neither the day on which the tender is made, nor the first day of the term, can be counted as one of the three.

But if this tender were held sufficient, it would not relieve the defendant from the burden of further costs, in the absence of a finding by the County Court that he acted in good faith in the matter complained of. The rendering of judgment upon a report which contains findings inconsistent with the existence of bad faith, but which presents no question thereon for the consideration of the court, is not such action on the part of the Court as the statute requires. The "opinion of the court" must be taken upon the question of good faith.

*Judgment affirmed.*