ALDEN W. KELLEY vs. CHARLES F. TARBOX.

Washington.    Opinion November 14, 1906.

*Officers.    Attachment of personal property.    Same must be maintained by officer at his peril.    Return prima facie evidence of attachment.    Officer not deprived of possession of attached property by filing certificate as provided by statute in town clerk's office.    R. S., chapter 83, section 27.*

When an officer has made a valid attachment of personal property on a writ of attachment, he must maintain it at his peril.

When an officer has made an attachment of personal property on a writ, his return on the writ is at least prima facie evidence that the property enumerated in such return was attached.

When an officer has made an attachment of personal property on a writ, the filing in the office of the clerk of the town in which the attachment was made, of an attested copy of so much of his return as relates to the attachment, etc., as provided by R. S., chapter 83, section 27, is an act independent of the attachment, and is calculated to operate only as one of the modes of preserving an attachment already made.

When an officer has made return on a writ of attachment that he has attached certain personal property, it does not follow from the return that he did not take possession of the property attached, although as a matter of precaution he filed under the statute an attested copy of his return; nor, even if he undertook to preserve the attachment by filing an attested copy of his return, that he did not afterwards take possession of the property attached.

When an officer has attached personal property on a writ and has filed an attested copy of his return in the office of the town clerk, as provided by R. S., chapter 83, section 27, he does not thereby deprive himself of the right to gain actual possession of the property attached, and to remove it . whenever necessary for its preservation.

In the case at bar, the plaintiff is a judgment creditor of one H. L. S. The original writ in the action in which the plaintiff recovered his judgment against H. L. S. was placed in the hands of the then sheriff of Washington county who attached certain personal property thereon and made return as follows:

"Washington, ss.                                    April 17, A. D. 1902.

At 9:45 o'clock in the forenoon by virtue of the within writ, I attached one carpet, one couch, one Morris chair, two rugs, four rockers, one table, one hat-tree, one hardwood chamber set, one rolling top desk, one table, one

bookcase, six chairs, one safe and one blank cabinet in said County of Washington, and within five days after the above attachment I filed in the office of the Clerk of the Town of Machias a true and attested copy of so much of this return as relates to said attachment, with the value of said defendant's property, which I am herein commanded to attach, the names of the parties, the date of the writ and the court to which the same is returnable; and on the same day I gave to the within named defendant a summons in hand for his appearance at court."

After the plaintiff had obtained his judgment and execution thereon, he placed the execution in the hands of a deputy of the defendant sheriff with instructions to make demand, within thirty days after the date of the judgment, upon the attaching officer, whose term of office had then expired, for the personal property attached on the original writ.  *Held:* (1) that the attachment made by the attaching officer was valid ; (2) that it was the duty of the defendant's deputy to make demand on the attaching officer, within thirty days after the date of the judgment, for the personal property attached on the original writ; (3) that the defendant's deputy failed to make such demand ; (4) that as the failure of the defendant's deputy to make such demand released the attaching officer from all liability relating to the attachment and deprived the plaintiff of any right of action against the attaching officer, the defendant sheriff became liable for all damages occasioned by the neglect of his deputy.

On exceptions by plaintiff.    Sustained.

Action on the case brought by the plaintiff, a judgment creditor of one Harry L. Smith, against the defendant, sheriff of Washington county, to recover damages caused by the alleged failure of one of the defendant's deputies to make demand, within thirty days after judgment, on an execution, for certain personal property attached by the former sheriff of said county on the original writ in the action in which the plaintiff recovered judgment against said Smith.    The term of office of the former sheriff, who made the attachment, had expired at the time the plaintiff obtained his said judgment and execution thereon.

Tried at the January term, 1906, of the Supreme Judicial Court, Washington county.    Plea, the general issue.

"After the evidence upon both sides was introduced the court ruled that the defendant was not liable for the failure of his deputy to make demand upon the attaching officer for the goods alleged to have been attached, unless it be shown that there was a valid attachment of such goods.

"That the return of the officer upon the original writ showing that

an attachment was attempted to be maintained by filing in the Town Clerk's office an attested copy of his return under R. S., c. 83, sec. 27, of the present R. S., did not show a valid and maintained attachment of such goods, since it appears that the goods were not bulky, and there was no other reason why the same could not have been immediately removed.

"That in view of the officer's return it was incumbent upon the plaintiff to prove by evidence outside of the officer's return that a valid attachment of the goods in question was made and maintained, and that there is no presumption, in view of the officer's return, that the attachment was properly made and maintained and that there was no sufficient evidence thereof.

"The court further ruled that the action could not be maintained and thereupon ordered a verdict for the defendant."

To these various rulings and to the order of the presiding Justice directing a verdict for the defendant, the plaintiff took exceptions, "all of the evidence, documentary and oral, to be made a part of the bill of exceptions; but the counsel by agreement may omit from the printed report of the case any portion of the evidence that they agree is immaterial."

It was also "further agreed by counsel for the plaintiff that if the foregoing rulings and the direction of a verdict should be considered by the Law Court to be erroneous, and if the Law Court should decide upon all of the evidence that the plaintiff is entitled to judgment, that judgment for the plaintiff shall be ordered and the case remanded to nisi prius for the assessment of damages only."

*J. H. Gray*, for plaintiff.

*A. D. McFaul*, for defendant.

SITTING: EMERY, WHITEHOUSE, SAVAGE, PEABODY, SPEAR, JJ.

SPEAR, J.   This is an action in which the plaintiff, a judgment creditor of Harry L. Smith, seeks to recover of the defendant, sheriff of Washington county, for the failure of Fred P. Gilson, one of his deputies, to make a demand, within thirty days from the date of judgment, upon an execution, for personal property attached by

Isaac P. Longfellow, former sheriff of the county, upon the original writ, upon which said judgment and execution were obtained.

The facts show that the plaintiff on the 16th day of April, 1902, brought suit against one Harry L. Smith, returnable at the next October term of court; on the 17th day of April, the writ was delivered to Isaac P. Longfellow, sheriff of the county, who by virtue thereof attached certain personal property the estate of the debtor; the writ was served and the action entered at said October term of court and continued from term to term; on the 29th day of October 1903, judgment was entered in favor of the plaintiff for $126.00 debt or damage and $20.70 costs; on the 3rd day of November, 1903 a writ of execution was issued directed to the sheriff of said county or any of his deputies; on the 6th day of November, 1903, the writ of execution was delivered to Fred P. Gilson of Machias, then a deputy sheriff of Charles F. Tarbox, sheriff of said county, the term of office of said Isaac P. Longfellow as sheriff having expired before the rendition of judgment.

At this point the allegations became a matter of dispute but the plaintiff avers that the said Longfellow on the 6th day of November, 1903, had in his hands and possession the goods and chattels of the said Harry L. Smith, above described which he held by virtue of the attachment on the original writ; that said Fred P. Gilson was on said 6th day of November, 1903, requested by the plaintiff to demand and receive of the said Longfellow, the goods and chattels aforesaid and apply them to the satisfaction of said judgment and execution, and that the said Gilson neglected and refused to make such demand within thirty days after judgment was rendered, so that the plaintiff lost his right of action against the said Longfellow, in case the said Longfellow had failed to keep said goods and chattels by virtue of said attachment as required by law and surrender them to the officer holding the execution; and that afterwards about the first of March, 1904, returned the execution to the plaintiff in no part satisfied.

The plaintiff's exceptions show that " After the evidence upon both sides was introduced the court ruled that the defendant was not liable for the failure of his deputy to make demand upon the

attaching officer for the goods alleged to have been attached, unless it be shown that there was a valid attachment of such goods.

"That the return of the officer upon the original writ showing that an attachment was attempted to be maintained by filing in the Town Clerk's office an attested copy of his return under R. S., c. 83, sec. 27, of the present R. S. did not show a valid and maintained attachment of such goods, since it appears that the goods were not bulky, and there was no other reason why the same could not have been immediately removed.

"That in view of the officer's return it was incumbent upon the plaintiff to prove by evidence outside of the officer's return that a valid attachment of the goods in question was made and maintained, and that there is no presumption, in view of the officer's return, that the attachment was properly made and maintained and that there was no sufficient evidence thereof."

The court further ruled that the action could not be maintained and thereupon ordered a verdict for the defendant.

The decision of this case must finally turn upon the question of fact, whether the deputy sheriff, Fred P. Gilson, made a demand upon Isaac P. Longfellow, the former sheriff, for the goods and chattels attached upon the original writ. If the evidence sustains the contention of the defendant that he made such demand, that is the end of the plaintiff's case, as the deputy sheriff would have discharged his full duty. If, on the other hand, the evidence proves that he neglected to make such demand, then the defendant who was responsible for the misfeasance of his deputies, will be liable.

By the stipulation in the record the court is to determine this issue of fact.

When established by the plaintiff that the execution was placed in Gilson's hands with directions to make a demand, and that it was returned in no part satisfied and without any demand endorsed upon it, it then devolved upon the defendant, if he would interpose the defense that a demand was made, to assume the affirmative of that proposition. It was incumbent upon him to sustain the burden of proof. We are of the opinion that, upon the evidence, he has failed.

We must then proceed farther and, upon the assumption that no

demand was made, determine the ruling of the court. The presiding Justice held as a matter of law that the return of the officer upon the original writ "did not show a valid and maintained attachment of such goods, since it appears that the goods were not bulky, and there was no other reason why the same could not have been immediately removed," and further that it was incumbent upon the plaintiff to prove by evidence outside of the officer's return, a valid attachment and that there was no presumption in view of the officer's return that the attachment was properly made and maintained.

The first question that arises for discussion is whether the officer's return showed a valid attachment of the goods in question. "The return of the officer is the evidence, that property referred to therein has been attached." *Darling* v. *Dodge*, 36 Maine, 370. *Wentworth* v. *Sawyer*, 76 Maine, 434. *Parry* v. *Griefen*, 99 Maine, 420.

To constitute an attachment, it is not necessary, that the officer should handle the goods attached, but he must be in view of them with the power of controlling them and of taking them into his possession." *Nichols* v. *Patten*, 18 Maine, 231.

The return of the officer on the writ of *Kelley* v. *Smith*, is at least prima facie evidence that the property therein enumerated was attached. The officer in his return says: "At 9.45 o'clock in the forenoon, by virtue of the within writ, I attached one carpet, one couch, one morris chair, two rugs, four rockers, one table, one hattree, one hardwood chamber set, one rolling top desk, one table, one bookcase, six chairs, one safe and one blank cabinet in said County of Washington." This is the clause that constitutes the return of the officer's attachment and if it stopped right here would operate as a valid attachment of the goods. Then follows another clause relating to the filing of the certificate in the town clerk's office : "And within five days after the above attachment I filed in the office of the Clerk of the Town of Machias a true and attested copy of so much of this return as relates to said attachment with the value of said defendant's property, which I am herein commanded to attach, the names of the parties, the date of the writ and the Court to which the same is returnable."

We are unable to discover anything in the last clause of the

return which is inconsistent with the declaration of the officer in the first clause that he had made an attachment. In fact the language of the second clause " within five days after the above attachment " admits the attachment in the first, and becomes only the evidence of one of the modes authorized by law of preserving the attachment.

Non constat from the officer's return that he did not retain possession of the goods, although he had also filed his certificate under the statute as a matter of precaution, nor, even if he undertook to preserve the attachment by filing a portion of his return, that he did not thereafter take possession of the articles attached.

Upon this phase of the case relating to attachments and the different methods of preserving them, our court in *Wentworth* v. *Sawyer*, 76 Maine, 434, in discussing the reason for the statute authorizing the preservation of attachments by filing an attested copy of a portion of the return, say: "It will be seen by this provision that no attempt is made to change the mode of making the attachment but a new and easier method of preserving it is provided." Nor are we satisfied that the officer by filing with the town clerk the copy and certificate required by statute deprived himself of the right to gain actual possession of the property attached, and remove it whenever necessary for its preservation." See also *Parry* v. *Griefen*, supra.

The officer's return shows a valid attachment in the original suit but the presiding Justice in ordering a nonsuit held that not only a valid attachment must be made by the officer but must be maintained by him. It seems to us, however, that when an officer has made a valid attachment upon a writ he must maintain it at his peril. And it becomes immaterial, if Sheriff Longfellow had made a valid attachment, whether he maintained it or not, as he would be liable in either case, if demand was made upon him on execution for the delivery of the goods for the benefit of the attaching creditor. To be sure the case at bar is not against Longfellow, but, to fix his liability even if guilty of the misfeasance alleged, the statute required that a demand should be made upon him for the goods attached by a proper officer, within thirty days from the rendition of judgment, That is, if it be assumed that Longfellow, after he

had made a valid attachment, absolutely released it and let the property go out of his control and custody, yet without a demand he was relieved from all liability. On the other hand, having made a legal attachment, he must himself assume the responsibility of preserving it, and if by neglect, mistake or intention, he lost the control and custody of the personal property attached so that he could not surrender it to the officer for the benefit of the creditor, if demanded, within thirty days from judgment, he would become liable.

Hence it was incumbent upon the officer, charged with the duty, to make the required demand in order to preserve the liability of the attaching officer, whether the property attached was in his custody or not.

The duties of the attaching officer in his relations to the attaching creditor is stated in *Wentworth* v. *Sawyer*, 76 Maine, supra, as follows: "The sheriff is the mere minister of the law to preserve for the creditor satisfaction of the debt, and it is therefore indispensably necessary that he should sustain such a relation to personal property which he has seized, as will enable him to hold it to answer the purpose for which it was attached. His relation to the property by virtue of the attachment, and the reduction of it into his possession and control, are such that he is vested with a special property in it which enables him to protect the rights he has acquired, and this special property continues so long as he remains liable for it, either to have it forthcoming to satisfy the plaintiff's demand, or to return it to the owner, upon the attachment being dissolved."

*Blake* v. *Kimball*, 106 Mass. 115, is an action of tort against a sheriff for the negligence of one of his deputies and clearly states the duties of the attaching officer and his relations to the attaching creditor, as follows: "Upon the attachment of personal property on mesne process, the duty of the attaching officer to the plaintiff in the suit is to keep the attached property safely, so that it may be forthcoming in order to be taken upon such execution as shall be issued in thirty days after the final termination of the suit in a judgment in favor of the plaintiff. The extent of the plaintiff's right and of the officer's duty, as to such property, is that it shall be forthcoming,

During the pendency of the suit, the officer may make such arrangements upon his own responsibility, in regard to the custody of the property as he may see fit. To these arrangements the attaching creditor is not a party, unless he should choose to make himself so by direct participation or express consent. The removal of the attached property beyond the officer's reach would have no effect on the rights and liabilities of the parties in relation to each other. The attached goods remain constructively in the officer's possession, and his liability to the creditor's rights against him, are exactly the same as if the possession instead of being constructive was actual and literal."

In his ruling, the court undoubtedly assumed that inasmuch as the attachment had not been maintained and the attaching officer could not produce the goods, the plaintiff had suffered no loss on account of the failure of Gilson to make a demand within thirty days after judgment, but it clearly appears from the above decisions that the attaching officer whatever had become of it, was legally responsible to the attaching creditor for the "actual and literal" possession of the property attached.

Upon the necessity of demand, see *Pearsons* v. *Tincker*, 36 Maine, 384, which was an action against an attaching officer for failure to preserve his attachment upon a brig, which soon afterwards sailed on a voyage and, at the time of the issue of judgment and execution upon the writ of attachment and for more than thirty days thereafter, was beyond the jurisdiction of the State. The execution seems not to have been placed in the hands of the officer within thirty days for the purpose of preserving the judgment lien, and it was held that nothing had been done whatever to fix the liability of the defendant and further that the fact that the vessel was out of the jurisdiction of the State, did not relieve the defendant from the necessity of seasonably placing his execution in the hands of the officer for a demand upon the deputy sheriff making the attachment on the original writ.

To the same effect is *Wetherell* v. *Hughes*, 45 Maine, 61, and *Bicknell* v. *Hill*, 33 Maine, 297.

This being the law, it was the duty of Gilson, the defendant's deputy, in whose hands the execution was seasonably placed, to make

a demand upon the attaching officer within thirty days from the date of judgment, for the goods attached upon the original writ, in order to fix his liability for the goods so attached.    In other words, such a demand was a prerequisite to the right of the plaintiff to maintain an action against Mr. Longfellow for not preserving the attachment. The failure of the deputy to make such demand deprived the plaintiff of any right of action, whereby the defendant became liable for all·damages occasioned by the neglect·of his deputy.

According to the stipulation in the report, the case is remanded to nisi prius for assessment of damages only.

*Exceptions sustained.*