Merrimack,
June 25, 1941. } No. 3236.

### CLAREMONT GAS LIGHT COMPANY *v.* GEORGE A. WOOSTER.

*Cooper, Hall & Grimes* (*Mr. Burt R. Cooper* orally), for the plaintiff.

*George A. Kidder* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

PAGE, J. The court found that Clark, on January 27, 1933, at Franklin, attached as the property of John F. Rooney Company one Hercules steam roller, on a writ of the present plaintiff against Rooney. The attachment was made under P. L., *c.* 332, *s.* 23. The officer posted a notice of attachment on the steam roller and left an attested copy at the City Clerk's office in Franklin. He had the roller placed near the highway, where it had usually been left when not in use by Rooney on a contract of road construction for the city.

In June, 1933, the city requested Clark to permit Rooney to use the roller for the completion of his contract. Clark complied, supervising the roller while so used, and saw to it that the roller was returned to the place where it had stood before, with the notice of attachment reaffixed. It is not claimed that the temporary use affected the attachment lien, or that the officer was negligent prior to the later removal of the roller.

Shortly after, Clark learned that Rooney had removed the roller,

without his consent, to Laconia, in another county. He made telephone inquiries of the sheriff of that county and was informed that the latter had attached the roller, but had been obliged to release his attachment on a demand made by a mortgagee of the roller. Clark later interviewed Rooney at Laconia, but did not locate the roller.

The court ruled that it was the duty of Clark to use ordinary care and diligence to retain his constructive possession of the roller, and added: The court finds that the plaintiff "has failed in its burden with respect to the issue of Clark's negligence. In argument reference has been made to Clark's conduct after learning that the roller had been removed from Franklin. The court does not understand that the statute, under which this attachment was made, requires the attaching officer to pursue property removed without his consent." This amounts to a ruling that the officer had no duty of care subsequent to the removal without his prior negligence. The finding that he was not negligent is taken to apply to his conduct prior to the removal. While there were findings of fact as to his subsequent conduct, there was no finding that such conduct was or was not consistent with due care.

The record is without any evidence regarding damages, but it seems to be agreed that the question of damages was postponed pending decision of the question before us. The defendant admits that the plaintiff's suit against Rooney went to judgment, that execution was issued and that judgment has not been satisfied.

It is not questioned that an officer who makes a common-law attachment and takes actual possession has the duty of due care to protect the attached goods from damage or loss, even though by act of a trespasser. *Cilley* v. *Jenness*, 2 N. H. 87; *Lovell* v. *Sabin*, 15 N. H. 29, 37; *Haley* v. *Thurston*, 60 N. H. 204. The care required is the same as men of average prudence would exercise in the conduct of their own affairs. *Kendall* v. *Morse*, 43 N. H. 553, 555. The defendant takes the position that this duty arises from the fact of possession, and that since an officer who makes a bulky article attachment lacks possession, he has no duty. The question has never before arisen in this jurisdiction.

The object of the statute for bulky article attachments is to relieve the officer and parties from the burden and expense of actual possession of property which it is inconvenient to hold in possession, while still giving the officer full rights to possession (sometimes loosely called constructive possession), thus preserving the lien as fully as if there were actual possession by the officer or his keeper.

*Angier* v. *Ash*, 26 N. H. 99, 106, 107. The officer, in the first instance, obtains dominion of a sort over the property. *Scott* v. *Print Works*, 44 N. H. 507, 508. He acquires a special property, with "the right to its immediate possession." This right is "equivalent in law to actual possession, until the sale." The attaching creditor gets no title to the property and no right to its possession. His only right is to have the officer levy execution on the property so far as it may be required to satisfy any judgment that may be obtained. *Baker* v. *Beers*, 64 N. H. 102, 104, 105. This right of possession supports a suit by the officer in trover or trespass against an intermeddler with the attached property. *Johnson* v. *Railway*, 44 N. H. 626; *Rochester Lumber Co.* v. *Locke*, 72 N. H. 22; *Holy Trinity &c. Church* v. *O'Dowd*, 86 N. H. 298, 300.

This special property and this right of immediate possession are not held by the officer for his own benefit, but for the benefit of the creditor in case the latter shall require recourse to the property in order to satisfy a judgment. The officer cannot be heard to say that he has no duty of care concerning rights he holds in that manner. If the circumstance of his not having actual possession is to be considered as to the extent and character of the care required before the goods have been wrongfully taken, and if in some cases his inability to take the goods on execution is due to wrongful taking without his fault (*Angier* v. *Ash*, *supra*, 107), his right to follow the property after taking is not to be disassociated from a duty to use due diligence to follow, though it was taken without his consent, at least after he has knowledge that it has been taken.

This conclusion is supported by authority in jurisdictions having statutes similar to ours. *Lovejoy* v. *Hutchins*, 23 Me. 272; *Wentworth* v. *Sawyer*, 76 Me. 434; *Kelley* v. *Tarbox*, 102 Me. 119; *Smith* v. *Church*, 27 Vt. 168; *McKormsby* v. *Morris*, 29 Vt. 417; *Fay* v. *Munson*, 40 Vt. 468. It is believed to be consistent with the Massachusetts decisions when considered in the light of their facts. *Hubbell* v. *Root*, 2 Allen, 185; *Polley* v. *Iron Works*, 4 Allen, 329; *Higgins* v. *Drennan*, 157 Mass. 384; *Ayer* v. *Bartlett*, 170 Mass. 142. The defendant suggests that the Vermont cases are not persuasive, since the Vermont statute now requires the officer to take possession of the property whenever necessary for its care, safety or preservation. But this provision was enacted only after the decision of the cases cited. Vermont Laws, 1884, No. 99, s. 3.

Since there has been no finding regarding Clark's care or lack of care in pursuing the property after he learned of its removal, that

issue is still open, and conditionally that of damages. No presently useful purpose would be subserved by considering the exceptions to the denial of the plaintiff's requests for particular findings.

*New trial.*

All concurred.