Samuel K. Nestor, Appellant, *v.* Magdalina Bischoff, as Executrix, etc., Respondent.

While a judge of the court in which an action of replevin is pending, or a county judge of the county has power to award to a sheriff compensation for his trouble and expense in taking and keeping the property replevied by him (Code Civ. Pro. §§ 1702, 3307), and while the manner in which such compensation is to be ascertained rests in the discretion of the judge, his determination must be sustained by some legal proof; no power is given him to dispense with all proof and fix an arbitrary sum, or to act upon his own judgment.

(Argued October 20, 1890; decided December 2, 1890.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made May 13, 1889, which affirmed an order of Special Term taxing sheriff's fees.

The facts, so far as material, are stated in the opinion.

*William M. Mullen* for appellant. The justice had no jurisdiction of the matter, and the order is, therefore, void. (*Robinson* v. *O. S. N. Co.*, 112 N. Y. 315; *C. C. Bank* v. *Jud-*

*son,* 8 id. 254; *Risley* v. *P. Bank,* 83 id. 318–337; *Davids-burg* v. *L. Ins. Co.,* 90 id. 526; 18 Wend. 649; 2 Hilt. 281; 9 Tex. 542; *Burckle* v. *Elkhardt,* 3 N. Y. 133; *Black* v. *State,* 95 id. 465.) The learned justice erred in making the order appealed from herein for the reason that no evidence was presented to him by the sheriff to show what value, if any, was to be placed upon the deputy's services, or that he had paid, or agreed to pay, him any sum for his services. (*G. A. Bank* v. *M. R. C. Co.,* 68 N. Y. 585; *Ridlon* v. *Flani-gan,* 12 Hun, 116.)

*J. D. Van Hovenberg* for respondent. This court can consider only the question of jurisdiction. (*G. A. Bank* v. *M. R. C. Co.,* 74 N. Y. 58, 60; *Woodruff* v. *I. F. Ins. Co.,* 90 id. 521, 525.) Two sections of the Code of Civil Procedure confer jurisdiction independent of each other, and independent of section 3287. (Code Civ. Pro. §§ 1702, 3307.) The plaintiff's appearance without objection would have rendered the taxation conclusive, even if section 3287 stood alone. (*Duche* v. *G. S. Co.,* 63 How. Pr. 516; *Howland* v. *Willetts,* 5 Sandf. 219.)

O'Brien, J. The plaintiff brought this action in July, 1884, to recover the possession of a large quantity of beer and malt which he claimed the defendants wrongfully detained from him. The requisition was delivered to Benjamin Brown, then sheriff of the county of Richmond, and in whose favor and upon whose application the order appealed from was made for execution, who executed it by taking possession of the property, though he did not remove it from the premises where it was. In November, 1884, the court made an order at Special Term upon the application of the plaintiff, permitting him to discontinue the action upon payment of costs, and the defendant's damages. The order also provided that the requisition be discharged, and that the plaintiff pay the sheriff's fees on taxation of the same upon notice to his attorney in the case. In March, 1888, the plaintiff's attorney served a demand in writing

upon the sheriff, that the costs and fees payable to him in the action be taxed. On the 11th of August, 1888, the sheriff presented his bill for fees and expenses to a justice of the Supreme Court who made an order taxing the same, upon notice to the plaintiff's attorney. The justice allowed the sheriff $390 "for taking and preserving goods replevied, services of deputy in charge, etc., 130 days at $3." The General Term has affirmed this order, and the plaintiff appeals therefrom to this court. The court in which the action was pending, or a judge thereof, or a county judge had power to award to the sheriff compensation for his trouble and expense in taking possession of and preserving the property. (Code Civ. Pro. §§ 1702, 3307.)

The bill presented by the sheriff, and which was taxed by the judge was not verified, nor was any proof made by affidavit or otherwise, that the sheriff paid for the care and keeping of the property, this sum awarded to him upon the taxation, or any other sum, or that his trouble and expense in such care and keeping was worth that or any other sum. The sheriff was thus awarded a considerable sum of money, which by the terms of the order of discontinuance, the plaintiff was required to pay, without any proof that he was entitled to it. The manner in which the sheriff's compensation should be ascertained, was in the discretion of the judge. He could have received affidavits on that subject, he could have taken oral proof himself or directed that the fact be ascertained by a reference, but he could not dispense with all proof on the subject, and fix an arbitrary sum or act upon his own judgment as to what was the proper measure of compensation. It was a judicial act calling for the exercise of judgment and discretion, and some legal proof is essential to sustain the determination. For this reason the order of the General Term and that of the judge taxing the sheriff's compensation should be reversed with costs.

All concur.

Order reversed.