No. 3326.

(Court of Appeal, Parish of Orleans).

IN RE W. H. HOWCOTT vs. JAMES SIMEON, ET ALS.

1. The right to adjudicate to itself property sold for taxes which is granted the State by the revenue laws makes it a tax pujrchaser within the meaning of the Constitution and the legislation of 1898.

2. The State's title having been recorded more than three years at the time of the filing of this suit, and no one being in actual possession, the benefit of Art. 233 must, according to the ruling in the Ashley Co., case, be extended to such title, which is unassailable except for the two causes mentioned in the article and not involved here.

3. Whatever rights and defences the State had were transmitted to its vendee who stands in the shoes of his vendor and has the right to avail himself of the time which elapsed when the title was in the State.

4. The evident purpose of the amendment in 1896 of Act 80 of 1888 was to enable the State to dispose more easily of property practically " hors de commerce " and yielding no tax, by cheapening the selling price fixed by the Act of 1888 and allowing the Auditor to sell for the face value of the taxes due.

Appeal from Civil District Court, Division D.

Kernan & Gowland, W. W. Wall, Plaintiff and Appellee.

McCloskey & Benedict, Defendant and Appellant.

DUFOUR, J. Certain vacant lots of ground adjudicated to the State in 1885 for non-payment of taxes of 1882 were sold by the Auditor to Howcott on July 25th, 1902, under Section 3 of Act 80 of 1888 as amended by Act. No. 126 of 1896, and the latter, on February 4th, 1903, filed suit to confirm his title as quieted by the prescription of three years under Art. 233 Constitution of 1898.

The defendants urge the nullity of plaintiff's title on the grounds:
1st.   That the property was never legally assessed. .
2nd.   That no notice of deliquency was ever given.
3rd.   That the assessment was in the name of a dead man.
4th.   That said assessment has never since said sale been changed upon the assessment rolls.

5th. That the State never took civil or corporeal possession of said property.

There is no suggestion of dual assessment or of previous payment of the taxes for which the property was sold, and it is conceded that no one has physical possession of the property and that the State's title and Howcott's were both spread upon the public records.

Hence the constitutional prescription against the right to assail the title must prevail, under the ruling in Ashley Co. vs. Bradford, 109 La. 641, unless the arguments adduced are potent against this result. These we understand to be, that the State is not a tax purchaser within the intendment of the law, that a sale by the State under Section 3 of Act of 1888 is not a tax sale but a conventional one, and that Howcott has no title because the amount paid by him as the purchase price is not sufficient under the requirements of the Acts of 1888 and of 1896.

It may be conceded that ,under the ruling in Improvement Co. vs. Wade, 51 An. 260, the sale by the State of property previously adjudicated to itself is not strictly a tax sale, but a conventional sale by the State as owner. But this does not, in our judgment, improve the defendant's position, for clearly the State is a tax purchaser and Howcott is its assign. Under every revenue act since 1882, the tax collector has in default of bidders, been authorized to bid in the property for the State, to make out and record a title deed as in sales to individuals and to forward a copy of this deed to the Auditor. The right of the State to enter into possession of the property has also been granted by the statute. Unless language be absolutely meaningless, we find no reason for the suggestion that the State is not to be considered a tax purchaser of property adjudicated to it at a tax sale. Nor is it reasonable to assume, in the absence of an explicit exception, that the sovereign intended to exclude itself from the benefits of the provisions of Act 101 of 1898 intended, in general terms for the tax purchaser and his assignee desirous of confirming his title. The State's title having been recorded more than three years at the time of the filing of this suit, and no one being in actual possession, the benefit of Art. 233 which refers to sales made both before and after the adoption of the Constitution, must, according to the Ashley case supra, be extended to the title, which is unassailable except for the two causes mentioned in the article and not involved here.

Whatever rights and defences the State had passed to Howcott who stands in the shoes of his vendor, and has the right to avail himself of the time which elapsed when the title was in the State. 34 S. R. 425. The case of Lumber Co. vs. Nalty, 109 La. 325, in which the Court said that the prescription of Art. 233 was not presented for adjudication, does not help defendants. There was no question of a defective title, but one of utter want of title, no at-

55

tempt having been made to show that the lands "had ever been in fact forfeited to or adjudicated to the State of Louisiana for delinquent taxes. The State having nothing could transfer nothing.

It is further objected that the State is estopped because it continued after the adjudication to itself to assess the property in the name of the delinquent tax-payer, and collected all the taxes thus assessed from the purchaser.

This objection admits of two answers:

1st. That the State could do what it pleased as to property lawfully purchased by it.

2nd. That the plea of estoppel is unavailing unless the parties have acted on the faith of and been misled by the assessment, which is not the case here, as they have absolutely ignored their ownership and failed for many years to pay taxes on the property.

In reference to the claim that Howcott has no title because he failed to pay the amount required by law, it must be borne in mind that the evident purpose of the amendment of 1896 was to enable the State to dispose more easily of property practically hors de commerce and yielding no tax, by cheapening the selling price fixed by the Act of 1888. A new price is fixed, and all laws to the contrary are repealed; hence it was competent in law for the Auditor to issue a deed to Howcott upon payment by him of the face value of the taxes due.

The suggestion that such an interpretation makes "bad business for the State" does not concern us; questions of public policy are within the province of the legislative and not the judicial branch of the government.

The title is entitled to confirmation.

Judgment affirmed.

Nov. 23, 1903.

Writ denied by Supreme Court.