Filed December 7th, 1903.

————O————

## No. 3258.

### (Court of Appeal, Parish of Orleans.)

## IN RE ROBERT L. PADERAS. PRAYING FOR CONFIRMATION OF TITLE.

1. The right to adjudicate to itself property sold for taxes which is granted to the State by the revenue laws makes it a tax purchaser within the meaning of the constitution and the legislation of 1898

2. The rights and defences the State has are transmitted to its vendee who may avail himself of the time which elapsed when the title was in the State, and, if the tax sale be more than three years old, may proceed for confirmation of title under section 3 of act 101 of 1898.

3. The doctrine in Howcott vs Simeon, No˙ 3326 of our docket is approved.

John Watt for plaintiff and appellee.

F. Rivers Richardson and H. W. Robinson for defendant and appellant.

DUFOUR, J.   Certain real estate was adjudicated to the State for taxes in 1883, 1884 and 1885 and the deeds were duly recorded; the property was sold by the State to plaintiff's author on December 7th, 1899 under the acts of 1888 and 1896 and the deed was recorded on January 23rd 1900.

On July 25th, 1902, the plaintiff filed this suit for confirmation of his tax title, and obtained a judgment by default on October 25th, 1902, from which the defendant has appealed.

Defendant's sole argument in this Court is as follows:

"The tax sale to plaintiff's author was made December 7th, 1899 and until December 6th 1902 any suit for confirmation of title under the provisions of the Constitution and the law must have qeen preceded by a six month's notice to the former owner, calling

on him within said period to file suit to annul said tax sale; but in this case before the three years were up, or in July 1902, plaintiff files suit to confirm his title, giving but the ten day's delay in which to file said suit, as is the case when the tax sale is more than three years old."

The argument is not sound,

Section 3 of Act 101 of 1898, providing a manner of notice and form or proceeding to quiet tax titles in accordance with article 233 Constitution of 1898, says:

"That in all cases where tax titles have been quieted by prescription of three years, as set out in said article 233, the purchaser or his assignee may if he so desires obtain a judgment of the Court confirming said title, same to be done by suit in the manner and form as above set forth, except that the delay for answer shall be ten days instead of six months."

In Howcott vs Simeon, No. 3326, we recently used the following language:

"Under every revenue act since 1882, the tax collector has in default of bidders been authorized to bid in the property for the State, to make out and record a title deed as in sales to individuals and to forward a copy of this deed to the Auditor. The right of the State to enter into possession of the property has also been granted by the Statutes. Unless language be absolutely meaningless, we find no room for the suggestion that the State is not to be considered a tax purchaser of property adjudicated to it at a tax sale. Nor is it reasonable to assume, in the absence of an explicit exception, that the sovereign intended to exclude itself from the benefits of the provisions of Act 101 of ·1898 intended, in general terms, for the tax purchaser and his assignee desirous of confirming his title. Whatever rights and defences the State had passed to Howcott who stands in the shoes of his vendor, and has the right to avail himself of the time which elapsed when the titie was in the State, 34 S. R. 425."

We adhere to this view, and hold that, the State as tax purchaser and its assignee having together held the property more than three years under the tax sale, the method of procedure and the Judgment are legal.

Judgment Affirmed.

Filed December 7th, 1903