The RECEIVERS of the MORRIS CANAL AND BANKING COM-
PANY v. EDWARD R. BIDDLE, The STATE OF INDIANA,
et al.

A motion to dissolve an injunction for want of equity in the bill, will be heard before answer filed.*

Where the object of the bill will be answered, a sheriff's sale should not be restrained by injunction, but the sale should be suffered to proceed, and the money stayed in the sheriff's hands.

The sheriff remains liable for property in his hands by virtue of an execution, notwithstanding he is restrained by injunction from proceeding to a sale.

Where an injunction is granted *ex parte*, the court will at any time hear a motion to dissolve for want of equity, unless for special cause.

In this case, a bill was filed on the thirteenth of June, eighteen hundred and forty-two, for an injunction to restrain the sale of certain real estate, levied on by the sheriff of the county of Sussex, as the property of the Stanhope Iron Company, by virtue of an execution issued out of the supreme court of this state, at the suit of the State of Indiana.

The charges of the bill were, that the property levied upon by virtue of the said execution, was, in equity, the property of the receivers, and that the judgment upon which the execution issued, was procured by collusion, and was fraudulent and void. The bill sought not only to restrain the sale, but to avoid the judgment and execution, and to cause the bond upon which the judgment was entered, to be delivered up to the receivers, to be cancelled.

Upon filing the bill an injunction was allowed and issued.

*B. Williamson*, for the State of Indiana, now moved to dissolve the injunction, upon notice, without answer, for want of equity in the bill.

*E. Vanarsdale*, for complainants, objected to the hearing coming on. He insisted that the motion to dissolve an injunc-

* See ante, vol. i. page 409, note.

tion could not be entertained before answer filed, and cited *Rules*, IX. s. 2.

*Williamson,* contra, insisted that the hearing should proceed. The sheriff, he contended, ought not to have been restrained from making sale. The property was thereby exposed to waste, and the plaintiff in execution to unavoidable loss. The proper course would have been, to allow the sale to be made, and to stay the proceeds of the sale in the sheriff's hands, subject to the order of the court: *Hawkshaw* v. *Parkins,* 2 *Swans.* 549.

In support of his right to be heard upon the motion to dissolve the injunction before answer, he cited *Drewry on Inj.* 371 ; *Vipan* v. *Mortlock,* 2 *Mer.* 479 ; *Roper* v. *Williams,* 1 *Turn. and Russ.* 18 ; 1 *Newland's Ch. Pr.* 236.

THE CHANCELLOR. Where the motion is to dissolve the injunction for want of equity in the bill, the rule requiring an answer clearly does not apply ; it is only when the motion is to be sustained by affidavits, or other matter is relied on, independent of the bill.

Where the object of the bill will be answered, the sale should be suffered to proceed, and the money should be staid in the sheriff's hands. That course, however, would not meet the object of the present bill.

The sheriff remains liable for the property in his hands, notwithstanding the injunction : he is bound to take charge of it. If any part of the property levied on has gone into the hands of the receivers, they should compensate the sheriff.

I am clearly of opinion, that where an injunction is granted ex parte, and notice is given of a motion to dissolve the injunction for want of equity in the bill, I must hear the motion, except for special cause, as for the illness of counsel. The motion should not be delayed, merely because the party or his counsel is not ready for the argument ; the court must hear the motion at any time.

The argument must proceed, unless counsel otherwise agree.