ROBERT WATSON v. ROBERT P. TOMS, EXECUTOR.

*Attachment—Notice by publication—Amendment of return.*

Comp. L., § 6414 provides that within thirty days after the return of a writ of attachment, notice by advertisement may be given to absent defendants. *Held* that the date of the return as indorsed upon the writ and signed by the sheriff may properly be taken as the date from which to compute the time for advertising, though the writ is not actually filed until after notice is given.

Where action has to be taken by an attorney on the return of a writ of attachment, it is permissible for the sheriff, after indorsing the return of a writ not personally served, to leave the writ and return with the attorney instead of filing it with the clerk.

A sheriff's return never becomes part of the record until actually on file with the clerk, and he may amend it without leave at any time before filing.

Error to Wayne. Submitted Jan. 15. Decided Jan. 23.

ATTACHMENT.    Defendant brings error.

*T. C. Prosser* and *George Gartner* for plaintiff in error.

*Wisner & Speed* for defendant in error. The provision in Comp. L., § 6414, for notice of publication within thirty days after the return of a writ of attachment not personally served, means after the *return day* of the writ, *Millar v. Babcock,* 29 Mich., 526.

COOLEY, J. The only question in this case is whether a notice for the appearance of defendant in an attachment case was sufficient to answer the requirements of the statute.

The attachment was sued out May 14, 1878, and was returnable June 4, 1878. Property was attached, but the defendant was not found. The sheriff made full return, which bears date June 5, 1878. The notice which was published for the appearance of the defendant was given June 15, 1878. It was not until nine days after this

notice that the attachment was actually filed in the clerk's office, and it is claimed that for this reason the notice was premature.

The statute provides that "if it appear by the return of such writ that any property has been attached thereon, and that neither of the defendants could be found, the plaintiff shall, within thirty days after such return, unless the defendants, or some of them, shall sooner appear in the suit, cause a notice to be published in some newspaper," etc. Comp. Laws, § 6414. But this notice, it is said, was published before there was any return whatever.

A sheriff's return never becomes a part of the record until actually on file with the clerk, and he may therefore amend it without asking the leave of the court at any time before the filing. *Nelson v. Cook*, 19 Ill., 440. But for many purposes the return may be regarded as made when it is indorsed upon the writ and signed; and where action is to be taken by the attorney upon the basis of the return, it may be proper and is probably customary, to leave the writ and return with him, instead of handing them to the clerk.

The case of an attachment not personally served is one in which this course is entirely proper. The notice to be published is to be given, not by the sheriff or clerk, but by the attorney, and the writ may well be left with him for the purpose. The statute probably intends that the thirty days shall be computed from the return day, and not that either the sheriff or the attorney shall be at liberty to extend the time indefinitely by delaying to put the writ on file. If the sheriff should neglect to return the writ until it should be necessary to take proceedings against him, a question might arise presenting other considerations.

The judgment must be affirmed with costs.

The other Justices concurred.