IRWIN GREEN, IRA W. McINTYRE, GEORGE BEARD AND CHARLES BURNHAM v. SAMUEL KINDY.

*Bond in replevin—Conclusiveness of sheriff's return.*

The sheriff's return to a writ of replevin, certifying that the plaintiff in replevin had not filed a forthcoming bond, is conclusive upon all the parties to the replevin suit, and defeats an action upon an alleged bond.

A sheriff's return to a writ of replevin may be amended on due notice and proper showing, but if not amended, is conclusive as made.

Delivery of a forthcoming bond in replevin to the defendant's attorney is not an assignment to the defendant, and will not enable him to maintain an action on it.—By two Judges.

Sureties upon a forthcoming bond in replevin will not be bound if the principal's signature was attached without his knowledge or consent, unless they signed with full knowledge of the fact.—By two Judges.

Error to Kalamazoo.    Submitted April 9.    Decided April 14.

DEBT on bond in replevin.    Defendants bring error.

*Henry C. Briggs* for plaintiff in error Burnham.    The sheriff's return to a writ of replevin as to whether the plaintiff had given a bond, is conclusive, *Rowell v. Klein* 44 Ind. 290; *Smith v. Noe* 30 Ind. 117; *Hamilton v. Matlock* 5 Blackf. 421; *Remington v. Henry* 6 id. 63; *Bean v. Parker* 17 Mass. 591; *Slayton v. Chester* 4 Mass.

478; *Phillips v. Harvey* 50 Miss. 489; *Bott v. Burnell* 9 Mass. 96: 11 Mass. 163; *Eastabrook v. Hapgood* 10 Mass. 313; *Russell v. Gray* 11 Barb. 541; *Henderson v. Cairns* 14 Barb. 15; *Johnson v. Jones* 2 Neb. 126; *Putnam v. Man* 3 Wend. 202; *Baker v. McDuffie* 23 Wend. 289; *Boomer v. Laine* 10 Wend. 525; *Miller v. Moses* 56 Me. 128; *Bond v. Wilson* 8 Kan. 228: 11 Am. Law Reg. N. S. 62.

*Oscar T. Tuthill* for defendants in error. It is a sufficient assignment of a bond in replevin if the retiring sheriff leaves it with the defendant's attorney, *Dorr v. Clark* 7 Mich. 313; *Wilcox v. Ismon* 34 Mich. 268; and possession of the bond for defendant's benefit would entitle him to sue on it, *Logue v. Smith* Wright (O) 10; *Singleton v. Mann* 3 Mo. 464; *Governor v. Evans* 2 Dev. (N. C. Law) 383; and the sureties are estopped from setting up any irregularities in the writ or return in defense to their obligation, *Decker v. Judson* 16 N. Y. 439; *Jennison v. Haire* 29 Mich. 207; *Shaw v. Tobias* 3 Comst. 192; *Moors v. Parker* 3 Mass. 310; *Cox v. Thomas* 9 Gratt. 314; *Meister v. Birney* 24 Mich. 435.

MARSTON, C. J. This action was brought upon what purported to have been a bond dated April 23, 1869, given by the plaintiffs in a replevin suit under Comp. L. § 6735, to obtain a delivery of the property from the sheriff.

There are a number of fatal objections to a recovery in the present case; all need not be noticed.

The return of the sheriff in the replevin suit was dated May 1, 1869, and was filed two days thereafter. In this he certifies and returns that he replevied the property as commanded, April 22d, and that the plaintiffs in the suit failed to give him the required bond within the time required by law, and that the property so replevied was by him returned to the defendant.

This return of the officer is conclusive upon all the parties in that action. The statute, § 6739, requires the

sheriff to make a specific return to the writ. If the return is not correct, on notice given and a proper showing made the court may permit an amendment of the return, but unless this is done, the return must stand as made; it cannot be contradicted. If the return is false, the party injured thereby has a remedy, but not in the present form.

The proceedings in the cause subsequent to the return of the writ are very different where a bond has been given and the property thereon delivered to the plaintiffs, than where no bond has been given. The only consideration for the giving of such a bond is to enable the plaintiffs to obtain possession of the property pending the litigation. If a proper bond is given to and accepted by the sheriff, he must then deliver the property to the plaintiffs, and if not given the property is returned to the defendant.

After the rights of the parties had been determined in the replevin suit, upon a return showing the property in the defendant's possession because no bond was given, it would be productive of serious mischief to permit the defendant, in a subsequent action, to introduce oral evidence to contradict the officer's return. The bond runs to the sheriff, and he is required to assign the same to the defendant or his representatives on their request. § 6764. There was no assignment of the bond to the plaintiff in this case. The sheriff, the finding says, kept it until January 1, 1871, and then delivered it to Kindy's attorney for his use and benefit. This was not sufficient, and would not enable this plaintiff to maintain an action thereon in his own name. An assignment in proper form is essential to the plaintiff's right to recover. *Forrest v. O'Donnell* 42 Mich. 556.

The bond purported to have been signed by both Green and McIntyre, the plaintiffs in the replevin suit. The execution thereof was denied by McIntyre, and the delivery thereof by the sureties. The court was unable to deter-

mine from the testimony whether the bond was signed by McIntyre or by his authority. The suit was discontinued as against all the obligors but Burnham, and judgment was rendered against him.

If this bond was not signed by the principals, although purporting to be executed by them, we do not see how the sureties would be bound unless it clearly appeared that they signed with full knowledge of the facts, and that the bond would, as thus executed, be delivered. We do not say that they would be bound even in such a case. No such question is before us. Nothing short of this would bind them. A surety signs a bond purporting to be signed by the principals, and if it afterwards appears that their signatures thereto, or any one of them, were made or placed there without the knowledge or authority of such person, the surety will not be bound under such circumstances. He has a right to assume that the signatures already upon the bond are genuine, and if, so knowing the responsibility of his principals, he is willing to become a surety thereon, in doing this, and in permitting a delivery of the bond thereafter, he is guilty of no carelessness or negligence. He has no right to assume that a crime has been committed, or that the bond is not what it purports to be. Unlike an indorser upon a negotiable instrument, he does not warrant the previous signatures to be genuine, and if it afterwards appears that his principals did not sign and were not bound, he cannot be held, as he entered into no such obligation. His responsibility cannot thus be enlarged, nor can a new contract obligation be created against him. It has very frequently been held that the delivery of a bond not executed by all those whose names appeared in the body thereof would not bind those who did sign, unless they consented to the delivery in its imperfect condition. They have a right to assume that all mentioned in the body will sign, and that if the instrument purports to have been signed by them the signatures are genuine

The judgment must be reversed with costs of both courts.

CAMPBELL, J., concurred.

COOLEY, J. I agree that the sheriff's return is conclusive that no statutory bond was given.

GRAVES, J., concurred.