LEVY R. COCHRANE v. PETER JOHNSON AND SARAH J. HEALY.

*Attachment—Publication—Return of officer—Amendment—Jurisdiction.*

1. A defendant in attachment cannot be brought in by publication under How. Stat. § 8003, unless it appears from the return of the writ that property has been attached thereon, and that the defendant cannot be found.[1]

2. A sheriff may amend his return to a writ of attachment, without leave of the court, at any time before it is filed with the clerk (*Watson v. Toms*, 42 Mich. 561), and the court may permit an amendment after such filing upon a proper showing

[1] See *Smith v. Runnells*, 94 Mich. 617.

(*Green v. Kindy*, 43 Mich. 280); but if the record fails to fur-
nish the necessary *data* for the amendment, and an extrinsic
showing is required, notice should be given to the adverse
party; citing *Montgomery v. Merrill*, 36 Mich. 97; *Green v.
Kindy*, 43 Id. 280.

3. Where after filing his return to a writ of attachment, which
   fails to show that the defendant could not be found, and after
   a motion to quash has been entered, the sheriff amends the
   return, without leave of the court, so as to show such omitted
   fact, and notice of attachment is published for the statutory
   time, based on the amended return, an *ex parte* order by the
   court, allowing the sheriff to make return of the writ accord-
   ing to the facts, to stand as the original return, will not vali-
   date the notice of attachment, and give the court jurisdiction.

Error to Gogebic.    (Haire, J.)    Argued January 19,
1893.    Decided March 10, 1893.

Attachment suit.    Plaintiff brings error.    Order quashing
proceedings affirmed.    The facts are stated in the opinion.

*M. H. Crocker,* for appellant.

*Button & Norris,* for defendants.

LONG, J.    This action was commenced by a circuit court
writ of attachment, tested November 1, 1890, and return-
able on the 6th of the same month. . On December 1 fol-
lowing the sheriff filed a return, stating that on Novem-
ber 3, 1890, he attached certain property, etc., and con-
cluding his return as follows:

"And I do further return that, on the 9th day of
November, I served Peter Johnson and Sarah J. Healy,
copartners as Peter Johnson & Co., the defendants in said
attachment named, with a copy thereof, together with a
copy of an inventory of said property, duly certified, as I
am commanded, by delivering the same to Mrs. Peter
Johnson, wife of said Peter Johnson, and to F. A. Healy,
the husband and authorized agent for Sarah J. Healy, at
the city of Ironwood, Michigan."

December 1 plaintiff also filed his declaration in the suit.
December 5 a motion to quash the proceedings was entered.

December 6 the sheriff amended his return by adding the following:

" I further return that, after diligent inquiry, I was unable to find either of said defendants within my bailiwick, after the issuing of said writ, and before and during all of the return-day of the writ of attachment in this cause."

This further return was filed in the cause, but it is conceded that no order from the court had been obtained allowing the making and filing of a further return. On the same day of this further return, a notice in attachment was duly published, which continued for six consecutive weeks thereafter, and ending on January 24; but affidavit of publication of notice was not filed until July 28, thereafter. On February 9 an order was made by the court, *ex parte*, allowing the sheriff to make return to the writ according to the facts, to stand as the original return. July 23 a further motion to quash the proceedings was entered by counsel for defendants, upon the grounds—

1. That no personal service was ever made on said defendants, or either of them.
2. That no substituted service was ever made on said defendants, or either of them.

This motion was subsequently granted, and the writ and all proceedings under it quashed. In the meantime the sheriff had made another return, under the order of the court made February 9. This return was substantially like the second return made, and was filed July 29. August 10 plaintiff filed a second declaration, as continuation of suit under his writ. Counsel for plaintiff moved to set aside the order quashing the writ, which was denied. The case comes to this Court by writ of error.

It is conceded that there was no personal service of the writ upon either of the defendants; but counsel claims that the sheriff's return was sufficient, under the

statute, to authorize the bringing in of the defendants by publication.

How. Stat. § 8003, provides:

"If it appear by the return of such writ that any property has been attached thereon, and that neither of the defendants could be found, the plaintiff shall, within thirty days after such return, unless the defendants or some of them shall sooner appear in the suit, cause a notice to be published," etc.

It must be conceded that the plaintiff had no right under this statute to bring the defendants in by publication, unless it appeared that property had been attached, and that neither of the defendants could be found. Under the first return, it appeared that property had been attached, but it did not appear that the defendants could not be found; so that upon this return the notice in attachment would have been void, as not in compliance with the statute, which must be strictly complied with to give the court jurisdiction. *Merrill v. Montgomery*, 25 Mich. 73.

The contention, however, is that the *ex parte* order made by the court February 9, directing a further return by the sheriff, and the further return made, cured the defect, and rendered the order of publication valid to confer jurisdiction over the parties defendant to this suit. This order was obtained after the defendants had appeared specially and moved to quash the writ. It was held in *Watson v. Toms*, 42 Mich. 561, that a sheriff may amend his return, without leave of court, at any time before filing. The return of the officer is conclusive upon all the parties to the action. If the return is not correct, it is probably true that, upon a proper showing and notice to the adverse party, the court may permit an amendment of the return. *Green v. Kindy* 43 Mich. 280. But after

the return is filed, if the record does not furnish *data* for the amendment, and extrinsic showing is necessary, notice. should be given to the adverse party. *Montgomery v. Merrill*, 36 Mich. 97; *Green v. Kindy, supra.*

The first return was filed December 1, 1890, and the amended return December 6. The notice in attachment was published on the day this further return was made, but no order of the court was obtained authorizing it until February 9 thereafter. Under these facts, which are undisputed, the publication of notice in attachment was void. The order of the court did not cure the defect, and by it the court did not acquire jurisdiction, inasmuch as it was made without notice to the adverse party, even if the court, upon notice, had power to make it, which we do not decide.

The order of the court quashing the proceedings must be affirmed, with costs.

HOOKER, C. J., McGRATH and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.