(19 App. Div. 379.)

### WAITE v. F. J. KALDENBERG CO.

(Supreme Court, Appellate Division, First Department.   July 2, 1897.)

SHERIFFS—KEEPERS' FEES—RIGHT TO CHARGE.
    The right of a sheriff to charge keepers' fees does not result from a levy.
    but from necessary or proper services, proven to have been rendered; and
    neither the making of a levy, prior to the appointment of a receiver of the
    debtor's property, nor the recovery of judgments against the sheriff for
    services as keeper, is conclusive, as against such receiver, of the right to
    charge for keepers' fees after his appointment.

Appeal from trial term.

Action by Charles O. Waite against the F. J. Kaldenberg Company, in which a receiver was appointed for defendant. From an order allowing sheriffs' fees and keepers' charges, the receiver appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. B. Kinghorn, for appellant.
Archibald C. Shenstone, for respondent.

PATTERSON, J.　On this record, as it comes before us, it is apparent that the sheriff's charges for keepers' fees were improperly allowed. The receiver took possession of the property of the defendant on or about the 7th of April, 1893. He made an inventory, and put two persons, employed by him, in charge of the property. It would seem that the sheriff's claim for the fees of the three persons said to have been employed by him as keepers is for services of such keepers subsequent to the receiver taking possession. There is no satisfactory proof of any kind, as against this receiver, that the sheriff's alleged keepers were ever in possession after the receiver took the property, or that they actually rendered any service in watching or taking care of that property. That those three persons recovered judgments against the sheriff for services as keepers does not affect the matter in any way. Those judgments are not binding upon the receiver, nor is the fact that the sheriff merely levied prior to the appointment of the receiver decisive of the matter. The right to charge keepers' fees does not result from a levy, but from necessary or proper services duly proven to have been rendered. On these papers, we have no other course to pursue than to reverse the order; but, under all the circumstances of the case, we think the executrix of the sheriff should have an opportunity to present her claim fully to the court; and for that reason the order will be reversed, with costs, with permission to make a new motion on proper papers, and on payment of costs of the motion in the court below and of the appeal in this court. All concur.