DEPEW et al. v. SOLOMONOWITZ, Sheriff.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

SHERIFF'S FEES—ATTACHMENT—STORAGE OF GOODS—EXPENSE.

Where the plaintiff had requested the sheriff, in possession of goods under attachment, to place them in storage in order to save expense, and he refused to do so, it was error in taxing his fees to allow for expense incurred in employing a keeper for the goods, and for rent of the building in which they were kept, without proof of the necessity for such expenditure; for though Code Civ. Proc. § 3307, subd. 2, leaves the amount to be allowed in the discretion of the court, it must be based on. legal proof of the reasonableness and necessity of the expenses.

Appeal from justice court of Westchester.

Action by Edward D. Depew and others against Bernard Solomonowitz. From an order taxing the fees of the sheriff for keeping goods seized under attachment, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

J. J. Joachimsen, for appellants.

Justus A. B. Cowles (Charles P. Cowles, on the brief), for respondent.

HATCH, J. It appeared by the moving papers that on the 23d day of July, 1898, the plaintiffs filed with the sheriff of Westchester county a warrant of attachment against the defendant, and that on the same day, upon the plaintiffs' request, the sheriff levied upon and took into his possession certain personal property, consisting of a stock of goods in a retail grocery store in the village of White Plains. The goods were thereafter held in the custody of the sheriff until the 16th day of August, 1898, when a part were sold as perishable property by the sheriff under an order of the court requiring him so to do, and the remainder of the goods continued to remain in the possession of the sheriff until the 15th day of September following, when they were sold at auction. The entire proceeds realized was the sum of $516.78. The sheriff's fees, which have been taxed under the order from which the appeal is taken, amount to $367.58, leaving a balance of $149.20. The plaintiff objects to two items in the bill,—one for the rent of the store in which the attached goods were found and where they were kept, amounting to $40; and the other for keeper's charges, day and night, from July 23d to September 15th, inclusive, 56 days, at $5 per day, amounting to $280. The affidavits, read in opposition to these items, state that shortly after the attachment was levied, but upon what day is not given, the plaintiff notified the deputy sheriff who had charge of the attachment proceeding that

he desired the goods to be removed and placed in storage, pending the application for judgment in the action. They further stated that plaintiff did not wish to pay the rent of the store and the keeper's fees in connection therewith. The sheriff declined to act thereon, but continued to keep the goods in the store. The only answer which the sheriff makes, as to why the request should not have been granted, is that he had no general storage room, and that there would have been great loss occasioned by moving the goods elsewhere. No facts are stated from which the court can see wherein more expense would have been incurred had the plaintiff's request been complied with than was incurred in keeping the goods in the store. The provisions of section 3307 of the Code of Civil Procedure (subdivision 2) authorize the judge issuing the warrant or a court to allow additional compensation for trouble and expenses in taking possession of and preserving the property, as the court or judge shall deem proper. The amount which is thus to be allowed rests within the sound discretion of the court. Woodruff v. Insurance Co., 90 N. Y. 521. Such allowance, however, must be based upon proof, and cannot be founded upon the judgment of the court as to what should be the proper measure of compensation. Legal proof is essential to authorize such allowance. Nestor v. Bischoff, 123 N. Y. 517, 25 N. E. 1046. By the writ of attachment, the sheriff is commanded to take and safely keep the property which is the subject of the levy. Under such seizure, he stands as the representative of the parties to the action, and is bound to use diligence and care in the preservation of the property, the measure of care in this regard being that of a bailee for hire. Moore v. Westervelt, 27 N. Y. 234. He is not an insurer of the property levied upon, and is not to be held answerable therefor, unless it be lost through the negligence of himself or those to whom it is intrusted. Browning v. Hanford, 5 Hill, 588; Moore v. Westervelt, 21 N. Y. 103. It is equally the duty of the sheriff, not only to preserve the property, but to do so with as little expense to the parties as the proper discharge of his obligation will permit; and he cannot, under color of preservation, make the matter so expensive, either by the occupation of premises at an exorbitant rate of rent, or by placing the property in the custody of an unnecessary number of keepers, that it will practically eat up the entire sum realized. Crofut v. Brandt, 58 N. Y. 106. If the sheriff could have removed these goods from this store, and placed them in a storage warehouse, which would have been regarded in the law as a proper place of storage, at a less expense than he in fact incurred, then it became his duty so to do; and we think it must be assumed, upon the present proof, that the expenses of caring for this property could have been reduced, as the plaintiff made request for its removal and storage. If such be the fact, then the allowance as made by the learned court would not be justified by the proof. The facts, however, in the present record are so meager as not to admit of a disposition of this matter. If the sheriff could in fact find no other place, in the exercise of reasonable diligence, then he would be entitled to the sums which have been awarded, even though they absorb nearly the whole amount which the property produced at the sale. If, however, the plaintiff be able

to show that, had his request been complied with, the costs and expenses of caring for the property would have been very much reduced, then the sheriff would only be entitled to such an allowance as would equal the reduced sum of the expense, and his bill would thus be diminished proportionately. As the justice who taxed the fees seems to have concluded that the sheriff could act in the care of this property without any regard to such request, we think the determination thereon should not be supported, but that the case should be remitted to the special term for its disposition, upon such proof in respect to these two items as the parties may produce.

The order should be reversed, and the matter remitted to the special term for disposition. All concur.