STANDARD WINE CO. *v.* CHIPMAN.

1. ATTACHMENT—SHERIFF'S RETURN—AMENDMENT.
    In an action against a sheriff for failure safely to keep and
    deliver attached property, it was error to permit the jury to
    consider the sheriff's return to the attachment writ as amended
    to conform to his testimony that he did not seize the amount
    of property therein recited; no application having been made
    to amend the return, or showing made upon that subject in
    the expectation that the court would pass upon its sufficiency.

2. SAME—DUTIES OF SHERIFF—CARE REQUIRED.
    A sheriff in custody of property is not liable as an insurer, but
    is bound to use that degree of care and prudence which a man
    of ordinary discretion and judgment would use with respect
    to his own property.

Error to Wayne; Hosmer, J. Submitted November 17,
1903. (Docket No. 116.) Decided December 22, 1903.

Case by the Standard Wine Company against Harry F.
Chipman, sheriff of Wayne county, for damages to prop-
erty while in defendant's custody under a writ of attach-
ment. From a judgment for defendant, plaintiff brings
error. Reversed.

*Adolph Sloman,* for appellant.

*Bowen, Douglas, Whiting & Murfin,* for appellee.

MONTGOMERY, J. The defendant, while sheriff of
Wayne county, levied an attachment upon a quantity of
whisky belonging to plaintiff's assignor, and made return
of his doings. The attachment suit was adjusted, and
the casks of whisky were turned back to plaintiff's
assignor, who claims that immediately thereafter it was
discovered that the casks had been tampered with, and
some 45 gallons of whisky withdrawn, and another 50
gallons diluted by substituting water in place of a portion

135 Mich.—18.

of the whisky. This action is brought to recover of defendant for failure to keep safely and deliver the attached property to the plaintiff on discontinuance of the attachment suit. The evidence adduced raised a fair question for the jury as to the care of the property exercised by the defendant while the property was in his custody. Defendant was also permitted to offer testimony tending to show that the quantity of whisky claimed was not in fact seized by him on the attachment writ, although his return showed that it was, and the circuit judge charged that the return of the sheriff was only *prima facie* evidence of the quantity seized, and that the return might be considered as amended to conform to the truth as the jury should find it to be. This ruling is assigned as error.

The general rule undoubtedly is that, as between the parties to an action, the return of the sheriff is conclusive. *Green* v. *Kindy*, 43 Mich. 279 (5 N. W. 297). So in an action against the sheriff he will not, ordinarily, be permitted to contradict his return. Crocker, Sheriffs, § 46. He may in a proper case, and on proper showing and notice, be permitted to amend his return in the cause in which it is made. *Green* v. *Kindy, supra; Cochrane* v. *Johnson*, 95 Mich. 67 (54 N. W. 707). In the present case, so far as appears, no application was made to amend the return; certainly no showing was made in expectation that the court would pass upon its sufficiency. The plaintiff did not enter upon the trial in anticipation of an attempt to contradict the return. It was error to permit the jury to treat the return as amended.

Upon the other branch of the case, the rule established by the weight of authority is that a sheriff in custody of property is not liable as insurer, but is bound to use that degree of care and prudence which a man of ordinary discretion and judgment might use with respect to his own property. Mechem, Pub. Off. §§ 760, 775; Murfree, Sheriffs, § 961. Plaintiff relies upon a *dictum* in *Fletcher* v. *Kalkaska Circuit Judge*, 81 Mich. 194 (45 N. W. 641), as authority for requiring a higher degree of care of a

sheriff than indicated above; but a reading of the case will show that the point was not involved, and that the language, taken as a whole, approving, as it does, of *Moore* v. *Westervelt*, 27 N. Y. 239, does not make for a more onerous rule.

For the error pointed out, judgment is reversed, and a new trial ordered.

MOORE, CARPENTER, and GRANT, JJ., concurred. HOOKER, C. J., took no part in the decision.