McLAUGHLIN *v.* JACKSON CIRCUIT JUDGE.

ATTACHMENT — WRIT NOT PERSONALLY SERVED — PUBLICATION— TIME.

    Where an attachment returnable September 11th was not personally served, and the first publication of the notice required by section 10572, 3 Comp. Laws, was made October 15th, the court was without jurisdiction of the proceedings, and properly denied plaintiff's motion for an order to sell the property attached as perishable property; plaintiff's remedy in case the sheriff was in default being by motion for an order to require him to make his return and to extend the time for the return of the writ if necessary, or if the delay was the fault of the

publisher, application should have been made for an exten-
sion of the time for the return to bring the first publication
within the 30 days.

Mandamus by Miar McLaughlin to compel James A.
Parkinson, circuit judge of Jackson county, to take juris-
diction of attachment proceedings.    Submitted January
15, 1907.    (Calendar No. 22,084.)    Writ denied March
5, 1907.

*William K. Sagendorph*, for relator.

*Badgley & Badgley*, for respondent.

BLAIR, J.    Relator began suit in the Jackson circuit
court by attachment.    The writ was returnable on Sep-
tember 11, 1906, and was levied upon growing corn,
which was afterwards cut and husked by the sheriff, and
this application is for the purpose of requiring the circuit
judge to make an order for the sale of the stalks as perish-
able property.    The circuit judge declined to make such
an order, upon the ground that he had no jurisdiction of
the proceedings.    The correctness of this ruling depends
upon the following state of facts:  No personal service
was made upon the defendant in the writ, who was a
nonresident of the State, and there was no general appear-
ance on his behalf.    The sheriff's return was filed in the
cause October 9, 1906.    The first publication of the notice,
required by section 10572, 3 Comp. Laws, was made on
October 15, 1906.    Relator filed affidavits in support of
his application, tending to show that the deputy sheriff
was hostile to plaintiff's suit, friendly to defendant, and
did what he could to embarrass plaintiff's attorneys; that
plaintiff's attorneys repeatedly requested the deputy sheriff
to make his return, but were unable to procure such return
till October 9th; that, anticipating such return, plaintiff's
attorneys prepared the notice of publication, and took it to a
newspaper office for publication on October 8th with in-
structions to publish it at once, but the publisher neglected

to publish the notice till October 15th. After the circuit judge had denied the application, attorneys for the defendant in the attachment suit, who had appeared specially, filed affidavits of the deputy sheriff, the publisher, and themselves, tending to show that the default was wholly that of attorneys for plaintiff.

We think the judge committed no error in denying the application. Plaintiffs were applying for an order to sell perishable property, based upon a record which upon its face showed that the court had no jurisdiction. The statute requires that the first publication of the notice shall be within 30 days of the return day of the writ, otherwise the proceedings must fail. *Millar* v. *Babcock*, 29 Mich. 526; *Watson* v. *Toms*, 42 Mich. 561.

If the sheriff neglects or refuses to make his return, application should be made to the court for an order requiring such return, and, if necessary, extending the time for the return of the writ for the purposes of constructive service. If the notice was delivered to the publisher in time and the failure to publish the same within the 30 days was due to the negligence or other fault of the publisher, application should have been made, upon discovery of such fact, for an extension of the time for return to bring the first publication within the 30 days.

The writ of mandamus is denied.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.