■ CITY OF LONG BEACH, Appellant, v. JOHN KARP, Respondent.— In an action by the City of Long Beach pursuant to section 207-a of the General Municipal Law to recover money for salary paid to, and for medical and hospital expenses paid on behalf of, its employee, a fireman who was injured in the performance of his duties, against the person who allegedly caused the injuries, the appeal is from an order denying appellant's motion to strike out the defense in respondent's answer that the action was barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6), on the ground that it is insufficient in law. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ CLASS-WHEELER, INC., Respondent-Appellant, v. ROMA CONTRACTING CORP., Appellant-Respondent. GEORGE GELBMAN, as Deputy Marshal of the City of Yonkers, Respondent-Appellant.— Appeals (1) by the judgment debtor, from so much of an order of the City Court of Yonkers as allows in part a Deputy Marshal's claim in the total amount of $2,687 for expenses allegedly incurred for moving, storage, and repair of property in his custody pursuant to levy upon issuance of an execution on a judgment in the amount of $2,105.50, and (2) by the judgment creditor and Deputy Marshal (as limited by their brief), from so much of said order as disallows in part said claim. Order modified (a) by striking from the first ordering paragraph everything beginning with the words "disallowed as" and ending with the figure "$873.50" and by substituting therefor the words and figures "allowed in the amount of $247.60 of which amount, fifty (50%) per cent thereof, or $123.80", and (b) by striking from the second ordering paragraph the figures "$873.50" and "$421.50" and by substituting therefor the figures "$123.80" and "$1,171.20" respectively. As so modified, order affirmed, with $50 costs and disbursements, payable by respondents-appellants to appellant-respondent. No proof at all was offered in support of the claim of the Deputy Marshal of reasonable expense necessarily incurred by him (*Nestor* v. *Bischoff*, 123 N. Y. 517, 519; *Waite* v. *Kaldenberg Co.*, 19 App. Div. 379, 380; *Depew* v. *Solomonowitz*, 48 App. Div. 512, 513, 514). On the contrary it was shown that the Deputy Marshal knew nothing at all about the alleged expenses as he had permitted an officer of the judgment creditor carte blanche in the disposition of the property. The allowance of $247.60 is granted because the judgment debtor, on this appeal has conceded that that sum was reasonable for transportation of the seized equipment to the place of storage. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ RALPH S. DAYAN, Respondent, v. CLOVIS J. GELINA, Appellant. CLOVIS J. GELINA, Appellant, v. RALPH S. DAYAN, Respondent.— In a consolidated action (1) by the vendee named in a contract for the purchase and sale of real property to recover the down payment and to impress a vendee's lien, and (2) by the vendor named in said contract for the specific performance thereof, the appeal is (a) from an order granting respondent's motion for summary judgment striking out appellant's answer and denying appellant's cross motion for summary judgment dismissing respondent's complaint, in the first above-mentioned action, and granting respondent's motion for summary judgment dismissing appellant's complaint and denying appellant's cross motion for summary judgment striking out respondent's answer, in the second above-mentioned action, and (b) from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. No opinion. Present— Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.