HARDY, Judge.
The first of these consolidated suits is an action by plaintiff, individually and in the *268 interest of his minor daughter, Emily Lou Raley, for medical expenses and personal injuries incurred as the result of an automobile accident. Originally named as defendant was Hartford Accident & Indemnity Company as liability insurer of Mr. and Mrs. Milton C. McGee, and by supplemental pleading plaintiff joined as defendant United States Fidelity & Guaranty Company as the alleged liability insurer of Ezelle Huckabay and his minor son, Harold, praying for judgment in solido against both defendants. United States Fidelity & Guaranty filed an exception of no cause nor right of action, alleging that its policy did not provide coverage, which exception was overruled. Hartford answered the suit of plaintiff, Raley, denying the negligence of •its insured and affirmatively alleging that the accident was caused by the negligence of Harold Huckabay and one Shelby C. Thomas. Hartford further filed a third party petition against Ezelle and Harold Huckabay and Thomas. Thomas answered and asserted a reconventional demand, for property damages to his car, against Huck-abay, Hartford and United States Fidelity & Guaranty Company. Ezelle Huckabay and his son, in turn, filed a third party complaint and call-in-warranty against United States Fidelity & Guaranty Company.
In the related suit, No. 10,102i/£ on the docket of this court, which was consolidated with the Raley suit for purposes of trial and appeal, New York Underwriters, the collision insurer of McGee, filed suit against Ezelle and Harold Huckabay and Thomas for property damages sustained by the McGee automobile.
The two principal actions by Raley vs. Hartford, et al., and by New York Underwriters vs. Huckabay, et al., together with all incidental demands and third party complaints were tried on the merits and there was judgment:
(1). In favor of Blanchard Raley, individually in the sum of $1,390.-30, covering past and future medical expenses for the benefit of his daughter, and on behalf of his minor daughter, as an award covering personal injuries, in the sum of $7,500.00, against Hartford and United States Fidelity & Guaranty Company, individually and in solido;
(2). The demands of New York Underwriters Insurance Company were rejected;
(3). There was judgment in favor of Shelby C. Thomas and against Hartford and United States Fidelity & Guaranty Company, individually and in solido, for the sum of $550.00.
From this judgment Hartford, United States Fidelity & Guaranty Company and New York Underwriters have appealed. Plaintiff, Raley, on behalf of his minor daughter, has answered the appeal of Hartford and United States Fidelity & Guaranty Company, praying for an increase in the amount of damages awarded for her personal injuries.
These actions are the result of an automobile accident which occurred on Highway 155 in Red River Parish. The material facts may be briefly stated. Immediately prior to the occurrence of the accident, Harold Huckabay, minor son of Ezelle F. Huckabay, accompanied by the minor, Emily Lou Raley, as a guest passenger, was driving a 1957 Ford west on the highway; an eastbound Volkswagen had overturned in the ditch on the south side of the road; Shelby C. Thomas, who was driving his car eastbound on the highway, accompanied by his wife, stopped at the site of the Volkswagen accident and allowed his wife to disembark to see if she could render aid, whereupon he immediately proceeded east on the highway a short distance where he turned around, then moved west, parking his car partially on and partially off of the north side of the highway approximately opposite the overturned vehicle. The McGee car, a 1960 Pontiac, driven by Mrs. Agatha McGee, wife of Milton McGee, was *269 moving east on the highway and Mrs. McGee brought the car to a stop on the south side of the highway. The Huckabay vehicle came over the top of the hill some 300 to 375 feet away; the driver observed the parked cars and applied his brakes; the car skidded on the blacktop highway, still wet from a recent rain; Huckabay lost control, and the vehicle struck the McGee car in the opposite lane of the highway and was then thrown into the Thomas car.
In a written opinion, after observing that most of the facts in connection with the accident were undisputed, the district judge concluded that Harold Huckabay was guilty of negligence in driving at a speed of 50 to 60 miles per hour over a rain slick blacktop road, which caused him to lose control of his car; that the McGee car was stopped completely on the blacktop at the time of the accident; that the Thomas car was parked before the McGee car arrived at the scene; that considerably less than the statutorily required fifteen foot space was left between the McGee and Thomas cars. Upon the basis of these facts the court held that the accident resulted from the concurrent negligence of Harold Huckabay and Mrs. McGee.
The contentions of the parties before us on this appeal are as follows:
(1). Appellants, Hartford and New York Underwriters, assign error as to the finding of negligence on the part of Mrs. McGee by the trial court, and further error in failure to grant a judgment in favor of New York Underwriters against Huckabay and Thomas;
(2). On the merits, United States Fidelity & Guaranty Company urges error as to the finding that Huckabay was guilty of negligence and further reiterates the position of lack of coverage under its policy issued to Ezelle Huckabay as asserted in its exception, which was overruled by the trial court;
(3). Counsel for the Huckabays argue that young Huckabay was not guilty of negligence, but, in the event this conclusion should not be sustained, the United States Fidelity & Guaranty Company should be held liable, under its policy, in their stead.
The issues presented by the opposed contentions outlined above are primarily factual.
After examination of the record we are of the opinion that it amply supports the findings of the trial judge that Thomas parked his car before Mrs. McGee stopped at the site of the accident, which fact justifies the resultant conclusion that Mrs. McGee was guilty of negligence in parking her car in such position as to leave much less than the fifteen foot clearance required by Statute (LSA-R.S. 32:241). We are further in agreement with the conclusion that Thomas had parked his vehicle with proper care and was free from any negligence which contributed to the occurrence of the accident.
However, our appreciation of the facts disclosed by the record, leads to the conclusion that the trial court erred in finding young Huckabay guilty of negligence. Under the existing conditions we cannot say with certainty that the speed of the Hucka-bay vehicle of 55 to 60 miles per hour constituted negligence per se. It is well established that the driver of a vehicle upon a public highway has the right to assume that his passage will not be obstructed. It was only when Huckabay reached the top of the hill that he could perceive the parked cars which appeared, from a distance of something more than 300 feet, to completely block his free passage. Unquestionably, he was confronted with an emergency and his immediate application of the brakes simply represented what is almost the instinctive reaction of the driver of a motor vehicle to such a condition. It is urgently contended by counsel for appellants that the McGee and Thomas vehicles did not actually block *270 the highway but left sufficient room for the passage of the Huckabay vehicle. We think the evidence on this point supports the finding that the actual open space between the two parked vehicles was slightly in excess of eight feet, and that the width of the Huckabay car was something in excess of six feet. While it is true that these measurements indicate that the Huckabay car could, have made a safe passage, we do not believe that such an exact evaluation of the interval could have been made from a distance of something in excess of 300 feet. At most, we think Huckabay was guilty of an error of judgment in his action in applying his brakes with the intention of bringing his car to a stop. Under such a circumstance, we cannot conclude that he was guilty of negligence which precipitated the loss of control of his vehicle.
Accordingly, we are of the opinion that the accident was attributable solely to the negligence of Mrs. McGee.
We find nothing in the record which would indicate negligence on the part of Thomas.
The question of quantum is presented by the answer to the appeal on behalf of defendant, Raley, for the benefit of his minor daughter, in which he seeks an increase in the amount of the award from $7,500.00 to $18,500.00.
The record evidences the fact that Miss Raley suffered severe injuries consisting of a comminuted fracture of the right patella, lacerations of the right pariorbital region and laceration of the occipital area. The head injuries healed with good results, leaving only a small scar near one eye. However, the injury to the knee is unquestionably serious and permanent, evaluated at some 20 to 25% with the probability that this may be reduced to approximately 15% by means of a future surgical procedure, for which an allowance was made in the award of damages to the father. The large and permanent scar on the lower part of the knee and the permanent nature of the disability which, according to the medical testimony will increase with age and will limit the activities of this young girl, are items that cannot be lightly considered. Under the circumstances, we feel that the judgment is somewhat inadequate and have concluded that the award should be increased to the principal sum of $10,000.00.
For the reasons assigned, the judgment appealed from is amended to the extent of rejecting the demands against the United States Fidelity & Guaranty Company, and further by increasing the principal amount of the judgment awarded in favor of Blanchard Raley, as administrator of the estate of his minor daughter, Emily Lou Raley, and against Hartford Accident & Indemnity Company to the sum of $10,000.00.
As so amended, the judgment is affirmed, and
It is ordered that all costs of both courts be, and they are, taxed against defendant-appellant, Hartford Accident & Indemnity Company.