169 So.2d 268 (1964)
Virginia R. JONES et al.
v.
Charles ARMSTEAD.
No. 6221.
Court of Appeal of Louisiana, First Circuit.
November 16, 1964.
Ben E. Atkins, Baton Rouge, for appellant.
Horace C. Lane, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
*269 LANDRY, Judge.
In this tort action plaintiff, Virginia R. Jones, and her insurer, State Farm Mutual Insurance Company, obtained judgment in the trial court against defendant, Charles Armstead, in the sum of $676.31, said amount being the stipulated cost of repairs necessitated to plaintiff's 1962 Ford Fairlane automobile as a result of damages to the vehicle sustained in a collision with defendant's Buick automobile. From said adverse decision defendant has taken this appeal.
The accident in question occurred July 28, 1962, at approximately 5:00 P. M., on State Highway 955 in East Feliciana Parish. The road in question is a two-lane, blacktopped highway commonly referred to as a "farm to market road." At the site of the accident the roadway courses in a generally easterly-westerly direction. Both vehicles involved were traveling westerly and the collision occurred when defendant, traveling at least partially in the left or eastbound lane, made an abrupt right turn to enter a private driveway situated on the north side of the highway.
The sole issue before the court is that of liability of defendant Armstead and alleged contributory negligence on the part of plaintiff driver.
It is conceded by all concerned that the posted speed limit on the highway in question was 60 miles per hour. It is also undisputed that at the time of the accident a light drizzling rain was in progress and the highway was slightly wet. Likewise the contestants agree both vehicles were traveling westerly and that there were no oncoming or eastbound vehicles in the vicinity of the accident scene.
Three witnesses testified concerning the occurrence of the accident, namely, the drivers of the respective vehicles involved and Corporal Needham, a State Trooper.
Plaintiff testified she was proceeding westerly towards Baton Rouge at a speed of 50 miles per hour in the right lane of travel and as she reached the crest of a small hill she observed defendant's vehicle approximately 300 feet ahead traveling westerly at a slow rate of speed in the left or eastbound lane. Upon noting the unusual position of defendant's automobile, plaintiff slowed the speed of her car by removing her foot from the accelerator and at the same time commenced blowing her horn to alert appellant to her presence. According to plaintiff, when the two vehicles were only a short distance apart defendant, without signal or warning of his intention to do so, abruptly executed a right turn across plaintiff's lane of travel to enter a private driveway located on the right side of the highway. Plaintiff thereupon immediately applied her brakes full force, continued to blow her horn but notwithstanding her efforts her car skidded into collision with defendant's automobile, the left front fender of plaintiff's vehicle striking defendant's car in the vicinity of its right rear fender. Both vehicles then came to rest in a ditch on the right side of the highway facing in the same direction one in front of the other. Plaintiff was positive defendant gave no signal and denied emphatically that defendant's directional signal light was in operation.
Defendant Armstead testified he was traveling westerly at a slow rate of speed entirely in the right or westbound lane intending to turn into the driveway to his right. He denied ever crossing into the left or eastbound lane and further testified that at no time did he hear the sound of plaintiff's horn. Appellant also testified that upon approaching the driveway he activated his right turn blinker signal, looked in his rear view mirror, observed no following traffic and commenced his turn. According to Armstead, his vehicle was struck from the rear after the front portion thereof had entered the driveway and when only about three feet of the rear of the car was still upon the highway.
Corporal Needham testified that upon being summoned to the scene his investigation disclosed that at the moment of impact defendant's *270 vehicle was partially in both lanes of travel. From physical evidence noted he fixed the point of impact at approximately three feet inside the right or westbound lane of travel. He also observed thirty-five feet of practically straight skid marks made by plaintiff's vehicle entirely within the westbound lane veering slightly to the right.
Defendant's negligence is patent upon the record. The preponderance of the evidence clearly reflects appellant's negligence in failing to maintain a proper lookout. Appellant himself acknowledged he looked in his rear view mirror but failed to note the presence of plaintiff's overtaking vehicle. It is an established rule that for a driver to look and not to see is the equivalent of not looking at all. West v. T. L. James & Company, La.App., 142 So.2d 853; Sharp v. Travelers Indemnity Co., La.App., 122 So.2d 833; Simoneaux v. State of Louisiana, Dept. of Highways, La.App., 106 So.2d 742, 90 A.L.R.2d 100.
Although defendant vigorously maintains he never crossed the center line of the highway and remained constantly in the right westbound lane, nevertheless, the evidence as found by the trial court, preponderates to the contrary. Plaintiff's version of the accident is supported by the physical facts and the testimony of Corporal Needham. We believe the record clearly established defendant's negligence in contravening the provisions of LSA-R.S.1950, § 32:236(A) and § 32:235(B) in effect at the time of the accident, which respectively require that a motorist shall not turn a vehicle from a direct course unless and until such maneuver can be made with reasonable safety and shall make his approach for a turn, and such turn as well, as close as practical to the right-hand curb or edge of the roadway. (LSA-R.S. 32:101(1) and LSA-R.S. 32:104(A) of the new Highway Regulatory Act cited by counsel for appellee were not applicable on the date of the accident, although their provisions are substantially similar to the sections of the Revised Statutes of 1950 hereinabove mentioned.)
On this appeal virtually the sole complaint of learned counsel for appellant is to the effect plaintiff should have stopped her vehicle when she observed defendant proceeding in the left or wrong lane of travel and her failure to do so constitutes contributory negligence barring plaintiff's recovery herein. The circumstances of the case considered, no duty devolved upon appellant to bring her vehicle to a stop. Plaintiff was traveling well within the legal speed limit on highway running through open country. Upon topping the hill she immediately slowed her speed and sounded her horn after observing defendant's vehicle proceeding slowly ahead of her traveling in the same direction but in the left lane of travel. Her actions in this regard appear reasonable in every respect and constituted ample warning of her approach to an alert motorist. Considering defendant gave no signal of his intention to turn right it was not unreasonable for plaintiff to assume that he was either making a left turn into some side road or private driveway or intended to park his vehicle on the left shoulder of the highway. In any event there was nothing to indicate defendant would abruptly change the course of his vehicle and drive directly across plaintiff's lane of travel.
Nor do we find any merit in the argument of counsel that plaintiff should have reduced her speed because her view ahead was obstructed and impaired by the hill as appellee approached the scene of the accident. It is now settled law that under such circumstances a motorist has the right to assume the roadway ahead is free of obstruction and in the absence of causes other than a hill or rise in a roadway impeding his vision, need not reduce his speed. Raley v. Hartford Accident & Indemnity Company, La.App., 160 So.2d 267; Taylor v. Fidelity & Casualty Co. of New York, La. App., 55 So.2d 307. In the instant case the record reflects that although a drizzle prevailed, visibility was unimpaired thereby.
Accordingly, the judgment of the trial court is affirmed at appellant's costs.