173 N.J. Super. 509 (1980)
414 A.2d 614
THEODORE HENRY RITTER, COURT-APPOINTED RECEIVER FOR BENJAMIN BOYMANN AND ROSALINE BOYMANN, T/A LEVENSON'S MARKET, PLAINTIFF,
v.
GEORGE P. CASTELLINI, SHERIFF OF CUMBERLAND COUNTY, DEFENDANT.
Superior Court of New Jersey, Law Division  Cumberland County.
Decided March 18, 1980.
*511 Isaac I. Serata for plaintiff and Theodore H. Ritter, plaintiff pro se.
Glenn R. Gronlund for defendant (Horn, Kaplan, Goldberg & Gorny, attorneys).
MILLER, J.S.C.
This is a motion for summary judgment by defendant sheriff. The question presented is whether a sheriff may be held liable for the theft and destruction of property upon which he has levied pursuant to a writ of attachment.
Plaintiff is the court-appointed receiver for Benjamin Boymann and Rosaline Boymann, trading as Levenson's Market, defendants in a suit filed by the Farmers and Merchants National Bank of Bridgeton. On December 27, 1976 the bank obtained a writ of attachment against all of the Boymanns' property after they defaulted on a demand note. Cumberland County Sheriff's officers duly served the writ and levied on the building and contents of Levenson's Market by taking an inventory of the goods and equipment. The officers then padlocked the store and took possession of the keys until sometime after the receiver was appointed on February 28, 1977.
On February 25, 1977, three days before the appointment of the receiver, a Sheriff's Department officer discovered evidence of a forced entry at the store and reported same to his superiors. The Bridgeton Police Department, notified later that evening, found that a padlock and hasp had been pried off the rear door of the building and an inner window pried of with a wide-bladed *512 instrument. Further investigation by detectives and the Sheriff's Department revealed that a meat slicer, cigarettes, candy and other inventoried items were missing. The premises were re-secured on March 3, 1977 by a member of the Sheriff's Department by placing a new lock on the rear door. No further inventory was made with respect to the missing items.
Plaintiff contends that the theft or loss of these items was due to the negligence of the Sheriff's Department. He notes that the Sheriff's Department did not re-secure the premises immediately after the reported entry but instead waited seven days before installing a new lock on the rear door, during which time other items may have been removed. In addition, plaintiff contends that during the time the property was in the actual or constructive possession of the sheriff, the building and a portion of its contents were destroyed when water pipes burst after utilities for the building were shut off for nonpayment of utility bills. Plaintiff alleges that the Sheriff's Department was negligent in (1) initially securing the building and windows; (2) failing to protect the building and contents from water damage due to the burst water pipes, and (3) failing to take reasonable measures to secure the building and contents from loss by theft between February 25 and March 3, 1977.
Defendant cites 80 C.J.S. Sheriffs and Constables § 78, as authority for the rule that a sheriff is not liable for property which is lost, destroyed or damaged while in his care and custody unless a showing is made of his neglect. Defendant asserts that the sheriff properly secured the premises and exercised reasonable care with respect to the property and therefore was not negligent. Plaintiff argues otherwise.
At the outset, then, a factual question is raised which would appear to preclude summary judgment for defendant.
Since the sheriff is a public employee, however, the nature and scope of his duty of care with respect to attached property must be determined in light of the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. While public employees *513 are immune from liability for injuries resulting from the exercise of judgment or discretion vested in them, the Tort Claims Act specifically provides:
Nothing in this section shall exonerate a public employee for negligence arising out of his acts or omissions in carry [sic] out his ministerial functions. [N.J.S.A. 59:3-2.]
As sheriff, defendant is an agent of the law and is a ministerial officer of the court. See 70 Am.Jur.2d, Sheriffs, Police and Constables, § 21 at 146. His duties are defined by statute and court rule in New Jersey. Pursuant to statute, attached personal property must remain in the safekeeping of the attaching officer to answer and abide the judgment of the court. N.J.S.A. 2A:26-12. There is no statute requiring the attaching officer to assume custody of attached real property, however. While the court may order the sheriff to take possession of attached real estate, to collect the rents, issues and profits thereof, and to manage the same, see R. 4:60-17(a), it is not required to do so. In the absence of such an order the sheriff must, as he did here, levy on attached real property within 30 days from the date of the writ of attachment by endorsing upon the writ a description of the property and serving a certified copy upon any person in possession. R. 4:60-7(g). In addition, the sheriff must make an inventory of all real property attached and an appraisement of all personal property attached and file this with the court within five days of the levy. R. 4:60-8.
When the sheriff padlocked the property and took the keys he acted within his statutory duty to provide for the safekeeping of the personal property inside the store. N.J.S.A. 2A:26-12. However, he also took either actual or constructive possession of the building as well, although he was not specifically ordered to do so.
The question is whether these protective measures were ministerial or discretionary acts under the Tort Claims Act. A ministerial act is one which public officials are required to *514 perform upon a given state of facts in a prescribed manner, in obedience to the mandate of legal authority and without regard to their own judgment or opinion concerning the propriety or impropriety of the act to be performed. Case v. Daniel C. McGuire, Inc., 53 N.J. Super. 494 (Ch.Div. 1959). Clearly, the sheriff's duty with respect to the personal property inside the store is to provide for its safekeeping. While the sheriff has a certain amount of discretion in determining exactly how to perform this function, the duty is still essentially ministerial. See Fitzgerald v. Palmer, 47 N.J. 106, 109 (1966). No high-level policy decisions are involved in determining how to secure a building to protect the property inside, nor is there activity of a legislative or judicial nature involved.
While there are no cases on point in New Jersey on the Tort Claims Act implications of attachment by a sheriff, interpretation of the act's provisions may be sought in the law of other jurisdictions. See N.J.S.A. 59:3-2 (1972 comment). The comment makes specific reference to 28 U.S.C.A. § 2680(c), which exempts the Federal Government from, among other things, "any claim arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer." (Emphasis supplied). 28 U.S.C.A. § 2680(c). This section was recently construed by the Ninth Circuit to except only those claims asserting injury as a result of the fact of the detention itself where the propriety of the detention is at issue. A-Mark Inc. v. U.S. Secret Service Dept., 593 F.2d 849 (1978). Where a claim is for injury asserted to result from the negligent handling of property in the course of detention, there is no federal tort immunity. Id. at 850.
The conclusion is inescapable that it [Congress] did not choose to bestow upon all such agencies general absolution from carelessness in handling property belonging to others. [Citing Alliance Assurance Co. v. U.S., 252 F.2d 529 (2 Cir.1958); Id. at 850]
*515 Following the reasoning in the A-Mark and Alliance cases, the sheriff in the case at bar is liable for negligence in the care and preservation of the store and its contents. Reliance need not be placed on federal cases alone, however. While there is a lack of significant New Jersey case law on the subject of a sheriff's duty of care toward property in his constructive possession, one early case held that a sheriff remains liable for property in his hands when a sheriff's sale is restrained by injunction. Receivers of Morris Canal v. Biddle, 4 N.J. Eq. 222 (Ch. 1842).
The general rule in other jurisdictions with respect to the degree of care to be exercised by sheriffs in the keeping of property levied on under execution process is that:
A sheriff is in a position analogous to that of a bailee for hire and is bound to exercise that degree of care in the keeping of property under levy which men in general exercise in their own concerns ... (citation omitted.)
In any action based on negligence the burden of proving want of due care on the part of the defendant rests, or course on the plaintiff; but proof of loss or injury establishes a sufficient prima facie case against a bailee to put him on his defense. [citation omitted]. And where, in an action against a Sheriff for the negligent keeping of property levied on, it is proved, or admitted, that the property has been damaged, destroyed or stolen, it becomes the duty of the Sheriff to go forward with the proof to show, if he can, that proper care in the keeping of property was, in fact exercised by him ... [State v. Clark, 2 Terry 246, 41 Del. 246, 20 A.2d 127 (Del.Sup.Ct. 1941)]
Thus, where a sheriff executed on a vessel pursuant to a writ of attachment he was held to have the duty to care for and preserve it in a manner commensurate with the dangers involved, having regard for the nature and situation of the property and the reasonably foreseeable happenings or contingencies which he could have prevented by the exercise of reasonable care. Capper v. Callahan, 39 Wash.2d 882, 239 P.2d 541 (Wash. Sup.Ct. 1952) (weather conditions in January were such that sheriff should reasonably have foreseen that pipes containing water might freeze and burst and should have guarded against *516 such a contingency by draining the pipes). And see Garren v. Butigan, 96 Idaho 906, 539 P.2d 259 (Sup.Ct. 1975) (sheriff held liable to buyer for theft of machines left in unlocked showroom following execution sale); Southern Finance Co. v. Glaze, 117 Ga. App. 249, 160 So.2d 268 (Ct.App. 1968) (where personal property is levied on the expense of keeping it is a part of court costs to be collected out of proceeds of sale should the levy be sustained); Mickelson v. Williams, 50 Wash.2d 402, 312 P.2d 656 (Wash.Sup.Ct. 1957) (sheriff should have appointed keeper for engine seized pursuant to writ of attachment instead of leaving property unattended); Claremont Gas Light Co. v. Wooster, 91 N.H. 439, 21 A.2d 171 (N.H.Sup.Ct. 1941) (sheriff has duty to protect attached personal property from damage or loss by act of trespasser); Standard Wine Co. v. Chipman, 135 Mich. 273, 97 N.W. 679 (Sup.Ct. 1903); (sheriff has duty to preserve whiskey levied on by writ of attachment from being tampered with or diluted); and Depew v. Solomonowitz, 48 App.Div. 512, 62 N.Y.S. 916 (App.Div. 1900) (sheriff's duty toward goods in retail store levied on by writ of attachment is that of a bailee for hire). See, also, 70 Am.Jur.2d, Sheriffs, Police and Constables, § 71, and 80 C.J.S. Sheriffs and Constables § 78.
For the purposes of this summary judgment motion defendant admits that certain items of personal property in the store in question were found to be missing after the break-in was discovered. No mention is made of the items allegedly destroyed by water damage, however. Plaintiff has made out at least a prima facie case of breach of duty sufficient to preclude summary judgment in defendant's favor. A duty of care having been established under the reasoning of the cited cases, it remains for the trier of fact to determine whether the sheriff breached that duty under the facts and circumstances of this particular case.
Defendant's motion for summary judgment is denied.